GREGG *VS.* HINSON ET AL.

1. A judgment rendered on a trial of the right of property, before a justice of the peace, may be removed by *certiorari* to the County court.

Error to Wilcox County court.

This was a trial of right of property, before a justice of the peace, in which the defendants in this court were claimants. A verdict and judgment being rendered against them, they applied for, and obtained from the judge of the County court of Wilcox, a writ of *certiorari*, removing the cause into the County court for another trial, and a judgment was there rendered in their favor. From this judgment, a writ of error is prosecuted to this court.

The only error relied on is, that the County court had not jurisdiction.

*Stewart*, for plaintiff in error.

ORMOND, J.—Whether the County court has jurisdiction in trials of right of property, on appeal or *certiorari* from the judgment of a justice, will depend on the construction of the different statutes. The act regulating trials of right of property before justices of the peace, was passed on the twentieth of December, eighteen hundred and twenty-two, and authorises an appeal to the next *Circuit* court. On the twenty-fourth of December, of the same year, an act was passed to regulate proceedings in the courts of law and equity in this State, and provides,

Gregg *vs.* Hinson et al.

that " appeals shall lie from justices of the peace, to the respective Circuit or County courts, under the same regulations as heretofore prescribed by law, for taking appeals to the Circuit courts"—(Aik. Dig. 261.)   A section of the same law, to be found in Aïkin's Digest, 246, s. 8, gives the judges of the County court concurrent jurisdiction with the judges of the Circuit court, to grant writs of *certiorari* and *supersedeas*, returnable to the County court.   Taking these statutes together, we think the jurisdiction is conferred on the County court.   The two last cited enactments, are general in their terms, and sufficient to give the County court jurisdiction : they are also subsequent in point of time, and do not conflict with the section first cited.   There is, therefore, no error in the judgment of the County court, and it is affirmed.