## CULLUM v. SMITH & CONKLIN.

1. The circuit court has exclusive jurisdiction of all claims to property levied on, whether the execution issues from that or another court.

2. Although a court may, under peculiar circumstances, suppress a deposition regularly taken, yet the refusal to do so is the exercise of a discretion which can not be reviewed on error.

WRIT of error to the Circuit Court of Mobile county.

Claim by George W. Cullum, to certain slaves levied on by an execution from the county court of Mobile county, at the suit of Smith & Conklin against Charles Cullum.

Upon the return of the claim into the circuit court, the claimant moved to dismiss it on the ground that the court had no jurisdiction, inasmuch as the levy was made upon an execution from the county court. The court refused to dismiss the claim. At the trial, upon an issue formed between the parties, the deposition of one Croker, was offered by the plaintiffs, and objected to by the claimant, upon the ground that the notice given of the time and place of taking the deposition, was insufficient. The facts were, that the witness resided in New-Orleans; the notice was served on the claimant's attorney, on Saturday, about 10 o'clock, that the deposition would be taken in New-Orleans, on the following Monday. The mode of intercourse between these places, is by steamboat, which leaves Mobile each day, between 12 and 2 o'clock, and usually reaches New-Orleans about 8 o'clock the ensuing day. The claimant sent an agent to New-Orleans by the boat of Sunday, but owing to adverse winds, the boat did not reach New-Orleans until after the deposition had been taken on Monday. The deposition was taken in accordance with the commission, and the order of the clerk of the court. The court refused to reject the deposition.

A verdict having been returned, and judgment thereon rendered for the plaintiffs, the claimant prosecutes this writ of error, and assigns that the circuit court erred in refusing to dismiss the claim, and in not rejecting the deposition.

DARGAN, for the plaintiff in error—argued, 1. That the claim

79

was a proceeding ancillary to the original suit, and should have been returned into and determined by the county court. By the act of 1812, this mode of proceeding is authorised, and the jurisdiction confined to the superior courts. [Aikin's Dig. 167.]— These courts were virtually abolished by the adoption of the constitution, as circuit and county courts are thereby provided. The act of 1807, [Aik. Dig. 246,] gives the county court concurrent jurisdiction with the superior courts, in all matters of a civil nature, under 1,000 dollars, except real actions, actions of ejectment, &c. The act of 1822, extends and makes the jurisdiction of the county court, concurrent with that of the circuit court, in all actions of debt, assumpsit, case, covenant, and trespass *vi et armis*; and it also has concurrent jurisdiction over writs of *certiorari* and *supersedeas*. [Aik. Dig. 246.] This proceeding is given in place of the action of trespass against the sheriff, and as the county court has jurisdiction of that, there is no reason why it should not also have it of a claim interposed. The concurrent jurisdiction has been recognised when the claim was made upon property levied on by an execution from a justice of the peace. [Gregg v. Harrison, 9 Porter, 631.]

2. The injustice of pressing a deposition taken under the circumstances disclosed in the bill of exceptions, is apparent.

CAMPBELL, *contra.*

GOLDTHWAITE, J.—1. The practice, now so generally pursued in this State, of interposing a claim to property, levied on by an execution, instead of an action against the sheriff, for the taking, or against a purchaser under him for its conversion or detention, was introduced by the act of 1812. Although the county court then had jurisdiction over all actions of a civil nature, except real actions, ejectment, and trespass *quare clausum fregit*, when the matter in controversy did not exceed 1,000 dollars, yet the cognizance of these peculiar suits was restricted to what was then known as the superior court. [Laws of Ala. 117, § 17; ib. 310, § 10.] The entire jurisdiction of that court was transferred to the circuit court upon the organization of our State government in 1819. [Clay's Digest, 295, § 33.] Since that period, the jurisdiction of the county court has been made concurrent with that of the circuit court, over actions of debt, assumpsit, case,

covenant, trespass, and assault and battery, without restriction as to amount. [Clay's Digest, 297, § 7.]

It is not contended by the plaintiff in error, that there is any specific grant of jurisdiction over this class of suits, but the argument is, that it is necessary and proper that each court should have jurisdiction of all proceedings consequential upon its own process. This argument would establish too much, as executions can issue from the court of chancery, and it can not be contended that that court could take eognizance of such a suit. [Clay's Digest, 204, § 14.] The orphans' court too, has the authority to issue executions upon its decrees, for the payment of money. That court, it is true, is held by the same judge, and known by the same name as the county court, but it has no connexion whatever with the jurisdiction attaching to the county court proper. The act of 1812, which originated the mode of claiming property, was doubtless intended by its framers to give exclusive cognizance to the superior court, of all cases which should arise under executions from the several courts; and no subsequent legislation seems to have taken this jurisdiction away. It consequently remains with the circuit courts of the present time. The case of Gregg v. Hinson, [9 Porter, 631,] has no influence upon this. There the question was, whether the county court could take cognizance of an appeal from a trial of the right of property before a justice of the peace, and it was held, that jurisdiction over appeals from justices courts, was concurrent in the circuit and county courts.

2. The other assignment of error, applies to the refusal to exclude the deposition. This cannot avail the claimant for the reason that such a refusal is not the subject of revision on error.— We entertain no doubt that a court may suppress a deposition, even when the proceedings leading to it have been entirely regular and formal, if, under the peculiar circumstances of the particular case, injustice to the suitor must necessarily or will probably result from using the testimony thus procured. But such an application, when the proceedings have been regular under the statutes, is addressed to the sound discretion of the court, and should never be allowed when sprung at the trial, inasmuch as its effect then must be, to take the opposite party by surprise.— Whether the improper suppression of a deposition is a matter which can be reviewed on error, when the suppression is had previous to the time of the trial, is not a question now to be con-

sidered, though it is possible the proper course would be, to compel its reinstatement by *mandamus*. Taking the case as shewn upon the bill of exceptions, there was nothing to call for the exercise of the discretionary power of the court, as it was not attempted to be shown that any injustice had been, or would be, the consequence of the omission to attend the examination.

Judgment affirmed.