## J. W. & C. CARTER v. MANNINGS & JACKSON.

1. Where a claimant makes title to a slave through a deed, it should, if proved, be left to a jury, although the title of the other party may have been complete by adverse, or other possession, or because the deed itself is inoperative, by the omission to record it. These are matters of instruction to the jury, not of exclusion from it.

2. If there is reason to believe that one paper has been substituted for another, in a deposition, the proper motion is to suppress the deposition.

Writ of error to the Circuit Court of Blount.

CLAIM interposed, under the statute, by John W. and Charles Carter, to a slave levied on by virtue of a *fi. fa.*, at the suit of Mannings & Jackson against Thomas M. Carter.

At the trial the claimants offered to read a deed of gift, executed to them in July, 1820, by one John Ward, for slaves, one being the mother of that levied upon. This deed was attached to the deposition of Martin B. Ward, who, from the deed, appears to be a subscribing witness to it, and who testified, that he was so, and that it was executed and delivered at the time it bears date, by the donor, who then was in possession of the slaves named in it, and was their owner. The deed recites, that the slaves named, had previously been leased by the donor to Thomas M. Carter, and also that they were delivered to him and his wife for the use and benefit of the donees, subject to a limitation that if both died, before attaining twenty-one years of age, the slaves were to remain the property of the donor, or of his devisees, if he made a will, and of his heirs, if he did not.

This deposition was taken by consent of the plaintiffs attorney, and the following agreement made : " I waive all objections to the within deposition of Martin B. Ward, and agree that it may be read as evidence in the case, (stating it,) upon the trial of the right of property."

The plaintiffs objected to the reading of the deed to the jury, and the Court sustained the objection, on the ground that if the deed and deposition were read according to the agreement, the deed would not be allowed to go to the jury. Both were excluded from the jury. Whereupon the claimants excepted, and this exclusion is now assigned as error.

MUDD, for the plaintiffs in error, cited Sewall v. Glidden, 1 Ala. Rep. N. S. 52; Thomas v. Wallace, 5 Id. 268.

No counsel appeared for the defendants in error.

GOLDTHWAITE, J.—We are not sure that the bill of exceptions discloses the precise ground upon which the deed, under which the claimants attempted to make title to the slave in controversy, was excluded from the jury. Be this as it may, we are concluded by it, and must consider the matter as it is stated in the transcript.

1. If the title of the debtor to the slave, had been complete in consequence of any adverse, or other possession, this should have been left to the jury under instructions from the Court. So too, if the deed excluded from the jury was inoperative, by reason of any omission to record it, here, or elsewhere, this was the proper basis for specific instructions, but does not warrant the exclusion.

2. In the condition in which the case is now presented, we forbear any expression of opinion upon the merits of the claimants's title, as that may be fully examined when the case is again tried, and content ourselves with remarking, that if the identity of the deed proved, with that produced, was the question upon which it was rejected, that is concluded by the bill of exceptions, in which the evidence of the subscribing witness is stated, as referring to a deed attached. Indeed in most cases, if there is reason to suppose a fraud is attempted in substituting one paper for another in a deposition, the proper remedy would be to suppress it.

Judgment reversed and cause remanded.