## LOWRIE vs. STEWART.

1. Where the plaintiff declares in the common counts in *assumpsit*, a plea of the statute of limitations of three years is bad, unless it aver that the cause of action is an open account.

2. B. was indebted to S., (his father-in-law,) or S. was bound to advance money for him, B. sold to L. a house and lot, and took his note payable to S. for the purchase money; B. had been a partner of F. in a mercantile establishment. Upon the dissolution of their partnership, the firm were indebted to B. more than $1,000, which he was to retain, and appropriate the residue of the effects to the payment of the joint debts; some of the demands due B. and F. were placed by the former in the hands of S. as a justice of the peace to collect, who acknowledged their receipt from, or his accountability to S: *Held*, that the inducement for taking the note and receipt in S.'s name was sufficient to free the transaction from the imputation of fraud; that a debtor may prefer one creditor to another, and the relationship between B. & S. could not prevent the latter from securing himself; *further*, that by making the note payable to S., L. admitted that he was entitled to the money, and cannot be heard to alledge the reverse.

3. Where a justice of the peace receives money in his official capacity, he cannot detain it in satisfaction of a debt due him, in his private capacity, or when sued for its recovery, plead a set off against it.

Writ of error to the Circuit Court of Talladega.

The defendant in error declared against the plaintiff in assumpsit. 1. On a promissory note, dated the third of November, 1838, for the payment of two hundred and eighty-seven dollars, twelve months after date. 2. For money had and received. 3. For goods, wares and merchandize, sold and delivered. 4. For money lent and advanced. To each of these counts there was a demurrer, which being overruled, the defendant below pleaded—1. *Non assumpsit.* 2. A set off. 3. Want of consideration. 4. Failure of consideration. 5. Statute of frauds, alledging that the cause of action in each count, except the first, is an open account; and, 6. To all of the declaration, except the first count, defendant pleads the statute of limitations of three years. On motion of the plaintiff, the fifth plea was stricken out, issue was joined on the others, and the cause was submitted to a jury, who returned a

verdict for the plaintiff, for the sum of $547 87 damages: and judgment was rendered accordingly.

From a bill of exceptions it appears that the plaintiff had been a partner in a mercantile firm with one Brasher, his son-in-law ; upon a dissolution of their partnership, Brasher received the effects of the concern and undertook to pay the debts. Afterwards Brasher formed a similar partnership with one Favour. This latter firm being also dissolved, Brasher received its effects and stipulated with his partner that he (Brasher,) would retain one thousand and seventy-six dollars, the amount of his individual account against the concern, and appropriate the residue, amounting to some thousand dollars, to the payment of the partnership creditors. The defendant received for collection as a justice of the peace some of the claims due Favour & Brasher ; for so much as he had collected and failed to account for, this action was intended, among other things, to recover. ·

There was evidence tending to show, that Brasher's object, in taking the receipt of the defendant, in the plaintiff's name, was to indemnify the latter from loss, in consequence of the failure of the former to pay off the debts of Stewart & Brasher.

During the partnership of Favour & Brasher, they owned a house, of which, upon the dissolution, Brasher became the sole proprietor, by the purchase of Favour's interest. This house and lot was afterwards sold by Brasher to the defendant, who, in part payment, took the note described in the first count of the declaration, payable to the plaintiff.

On the 25th of January, 1838, Favour & Brasher, made a note for the payment of four hundred dollars, to one Holloway, on which there was an indorsement to the defendant, dated the 21st August, 1838. The signature of the indorser was proved, the date was not otherwise shown, but it was proved that the defendant had the note in his possession previous to the 22d day of November, 1843, more than one year before this suit was commenced.

The bill of exceptions, after reciting with great particularity, the facts above condensed, proceeds thus : "The questions were, 1. Whether the note of Favour & Brasher to Holloway, indorsed to Lowrie as above, could be set off against the note declared on ; and, 2. Whether it could be set off against the claim for collected monies. The Court charged the jury that the giving of the

note by Lowrie to Stewart, estopped him, under the circumstances, from asserting that it belonged to Favour & Brasher, so as to justify a set off against them; and that the giving of the receipt to Stewart, although for effects of Favour & Brasher, or which had belonged to them, had the same effect, and thereupon excluded the note from the jury." Thereupon the defendant excepted, &c. It appears from the judgment entry, that the sixth plea was stricken out by the Court.

S. F. RICE, for the plaintiff in error, contended—1. That the sixth plea was good, and consequently should not have been stricken out. [1 Ala. Rep. 124; 6 id. 509.] 2. If the transfer of the claims due Favour & Brasher was merely colorable, or fraudulent, as is shown by the evidence recited in the bill of exceptions, then the defendant below should have been allowed to set off the note acquired from Holloway. 3. Neither the undertaking to pay the plaintiff the sum expressed in the note declared on, or giving him a receipt for the claims placed in the defendant's hands by Brasher, estopped the defendant from insisting that the transaction was fraudulent as between the plaintiff and Brasher; or prevent him from relying on the set off. 4. The three last counts in the declaration are imperfect, and to them at least the demurrers should have been sustained.

E. W. PECK & CLARK, for the defendants in error, insisted, that the declaration was good. The sixth plea was not an answer to the declaration; for the common counts are not necessarily founded upon open accounts, and not alledged to be so. The striking out of the plea is only shown by the judgment entry, and not by the bill of exceptions—will it be considered by this Court? 2. The note of Holloway was not good as a set off. It does not appear that the defendant acquired it, until after he made the note to the plaintiff; but if he had it previously, he was estopped from setting it up, by consenting to become the plaintiff's debtor, instead of becoming liable to Brasher. In respect to the sum of $1,076 dollars, which Favour and Brasher owed Brasher, certainly the latter had the right to use that sum as he pleased. He transferred effects of the firm to that extent to Stewart, and that it might be realized, he placed some of the claims in the defendant's hands for collection. Thus far there is no right of set off. Again;

the defendant could not retain money collected by him, as a justice of the peace, in satisfaction of his own private demand.

COLLIER, C. J.—In Winston v. The Trustees of the University, 1 Ala. Rep. 124, it was determined that in an action of assumpsit on the common counts, a plea of the statute of limitations of three years, which does not aver that the plaintiff's cause of action is an open account, is bad on demurrer. If the plea was no answer to the declaration, the defendant has not been prejudiced by the striking it out, and cannot complain that the plaintiff did not demur.

The three counts which were demurred to, are certainly not so verbose as those furnished by most of the writers upon pleading, yet it is believed that each of them states with clearness the facts which constitute a good cause of action; and that the liability deduced from them is a proper deduction.

It was clearly competent for Brasher to transfer his individual property to Stewart, who had perhaps made advances for him, or if he had not, was bound to pay money for him. The arrangement between Brasher, the plaintiff and defendant, was, in effect, a transfer of a portion of the purchase money, to be paid for the house which the former sold to the latter. The validity of this transaction, we think, cannot be impugned by showing that Brasher also transferred the effects of Favour & Brasher to the plaintiff, and that he preferred him to other creditors, because he was his father-in-law. A debtor may prefer one creditor to another, if liens already attaching are not thereby defeated or impaired. A relationship by consanguinity, or affinity, cannot prevent the creditor from securing himself.

It is not necessary to an estoppel that there should be a deed, but it may be by matter *in pais.* By making the note payable to the plaintiff instead of Brasher, the defendant admitted his liability to the payee, and that he was entitled to the money, and cannot now be permitted to alledge otherwise. Such a defence might be prejudicial to the plaintiff, who, in consequence of the defendant's promise, must have pretermitted other means to secure himself *pro tanto.*

In Prewitt v. Marsh, 1 Stewart & P. Rep. 17, the defendant being sued for the recovery of money received by him as a justice of the peace, attempted to set off money due him from the

beneficial plaintiff in the action.   This Court said, "that a justice of the peace who receives money in his official capacity, cannot lawfully detain it in satisfaction of a debt due him in his private capacity; and that it cannot be the subject of payment or set off," &c.   Here is a case directly in point, and fully sustains the decision of the Circuit Judge.   See also Crockford v. Winter, 1 Camp. Rep. 124.

It results from the view taken, that the judgment of the Circuit Court is affirmed.