## SPENCE v. MITCHELL.

1. Where one receives a chattel from another, under a stipulation in writing, that he will return it "wherever called for, in good repair, and free from expence," he must deliver it on demand, or excuse the non-delivery; if when demand is made by a third person, in whose hands the writing was placed for that purpose, the bailee does not call on him to produce his authority, but places his refusal upon the ground that the chattel had been removed from his possession by some other person, he cannot object in his defence to an action of trover, that the agent did not show an authority when the chattel was demanded.

2. When a witness is so situated that he will be liable to the same extent to the unsuccessful party in the cause, no matter which he may be, his interest is balanced, and he is competent to testify for or against either party.

3. *Semble*—where a witness cannot be affected by the verdict and judgment which may be rendered in the cause, he cannot be rejected on the ground of interest.

4. It is not error to admit a deposition as evidence, because one or more of the questions proposed upon the cross-examination were not directly answered as they should have been, if the facts sought to be elicited may be ascertained from answers given in other parts of the deposition, and there is nothing in the answers made from which it may be inferred that the witness designed to answer evasively.

5. A motion to suppress a deposition in a suit at law, which has been taken pursuant to statute, is addressed to the sound discretion of the court, and should never be allowed, when made for the first time at the trial.

6. A justice of the peace cannot retain money collected by him in his official character, to satisfy a debt due him by the creditor whose money has been thus received.

7. Although a witness may be interested in the question, yet if his liability will remain unimpaired, no matter how the suit in which he is called to testify may eventuate, an objection will not lie to his competency.

Error to the County Court of Talladega.

THIS was an action of *Trover*, at the suit of the defendant in error, against the plaintiff, to recover damages for the conversion of a wagon. The cause was tried upon the plea of *not guilty*, with leave to give special matter in evidence. On the trial, a bill of exceptions was sealed at the instance of

Spence v. Mitchell.

the defendant. To make out his case, the plaintiff read to the jury a writing of the following tenor, viz : " Received of Francis Mitchell a certain wagon as a loan, known as belonging to the firm of James W. Hill, E. G. Buchanan, and J. D. Copeland ; given up to Francis Mitchell, as it is said, until a blacksmith's account against the said parties, in favor of Mitchell and Givens, is settled, for seventy-two dollars and eighty-seven cents, made in the year 1839 ; which I promise to return to said Mitchell whenever called for, in good repair, free from expense—this January 14th, 1840.

SOLOMON SPENCE."

The plaintiff then proved by a witness that Givens handed him the paper above set out, and told witness to demand of the defendant the wagon therein referred to. Witness accordingly showed the defendant his receipt previous to the institution of the suit, and demanded the wagon, whereupon defendant stated that James W. Hill had sent for and taken away the wagon—without saying he was present or consented to it. Witness also said that he was not authorised by plaintiff to demand the wagon, and that the latter had left the State for months previous thereto.

The defendant then read to the jury the affidavit of an auctioneer, admitted by consent, stating that on the 1st January, 1840, he sold the wagon in question, as the property of James W. Hill, J. D. Copeland, and E. G. Buchanan, when Hill purchased, and caused it to be placed on his premises. *Further*, on the same day, Hill authorized him to take charge of the wagon, and sell it for the purpose of paying a note then in affiant's hands for collection. After the 14th January, 1840, affiant being informed that the plaintiff had taken possession of and lent out the wagon, inquired by what authority he had done so. Plaintiff answered that Hill owed him, and as the wagon was not in use, he thought it well enough for him to take possession of the same ; and that he did not suppose Hill would object to the course he had pursued ; but he did not intimate that he had Hill's authority for what he had done, or that he was informed of it.

The defendant then proposed to read the deposition of James W. Hill, whose testimony had been taken at the defendant's instance. Witness states that plaintiff never obtain-

94

ed possession of the wagon under an agreement with him, or by his consent, that he left it with the auctioneer to sell and pay a debt, (particularly mentioned) as stated by the latter in his affidavit; after the wagon was taken by the plaintiff. Witness sent for it and carried it home. Witness states that he became the proprietor of the wagon, in the manner in which the auctioneer testified, and that he never allowed the plaintiff to take it as a security for a debt or otherwise, but insists that the latter held good debts to collect belonging to the witness to a greater amount than the blacksmith's account.

Upon cross-examination, the witness denied that he was in any manner interested in the result of this suit ; reiterates the denial that he ever gave the plaintiff the wagon to secure a blacksmith's account, and insists that plaintiff had good claims to collect for him to a greater amount, and actually collected a sufficient sum to pay the blacksmith's account.

This deposition was suppressed and rejected, though regularly taken, upon the ground that several of the cross-interrogatories were not sufficiently answered.

The defendant then offered to read to the jury a receipt given by the plaintiff, as a justice of the peace, to him for certain notes, &c. placed in his hands, for which the plaintiff undertook " to account to said Hill, when collected, in taking up his notes and accounts in this, Talladega county.— Jan'y 13th, 1840." (Here notes, &c. are described, and amount to something more than one hundred dollars.) He offered to show that the plaintiff had collected a part of the claims, and that they were all on men able to pay ; all this evidence was excluded by the court, upon the plaintiff's objection.

Copeland was then introduced as a witness by the plaintiff, and testified that Hill and himself, a few days after the first day of January, 1840, told the plaintiff to take the wagon and keep it, to secure a certain blacksmith's account, being the same to which reference is made in the receipt of the defendant to the plaintiff. To this testimony, the defendant objected, because it was not rebutting, and was incompetent; but the objection was overruled, and the evidence was permitted to go to the jury.

The court charged the jury, that although there was no other evidence of conversion, yet if they believed the evidence adduced, the proof of demand was sufficient in law. Thereupon the jury found the issue in favor of the plaintiff, assessed his damages at one hundred and fifteen dollars and eighty-eight cents, and judgment was rendered accordingly.

B. F. PORTER and F. W. BOWDON for the plaintiff in error, made the following points:

1. The demand of the wagon was not such as the defendant below was bound to recognize, even if the plaintiff had such a title as authorized him to claim the possession. [2 S. & P. Rep. 160.]

2. If the defendant could defend upon Hill's title, then the answer of the defendant was a sufficient excuse for the refusal to deliver possession. [2 S. &. P. Rep. 160, 5 Id. 383; 8 Por. Rep. 191; 5 B. & Ald. Rep. 247.]

3. The court will, in some cases, suppress a deposition for irregularity in the execution of the commission, but the objection should be made before going to trial, unless the evidence is inadmissible, [7 Ala. Rep. 851]; but a deposition objectionable in part, will not be rejected *in toto*. [7 Ala. R. 267, 280, 652.]

4. As to the competency of Hill as a witness, he has no interest in the event of the suit, and any objection to him must go to his credit. [4 Por. Rep. 64; 4 Ala. Rep. 712; 6 Id. 640; see 7 Ala. Rep. 269, 282.]

T. D. CLARKE for the defendant in error, insisted that Hill's deposition was rightly excluded, because the facts showed that he would be liable to the defendant, if a recovery was had against the latter; and though he had denied this, yet if he had answered the third, fourth and fifth cross-interrogatories, he would have been compelled to disclose an interest in the event of the suit. [1 Wash. C. C. Rep. 144; 3 Id. 109; 4 Id. 323.]

2. The plaintiff's receipt as a justice of the peace, to Hill, for notes, &c. placed in his hands for collection, was clearly irrelevant, and properly excluded. [3 Esp. Rep. 114; 4 Lit. Rep. 272; 7 Sergt. & R. Rep. 156; 7 J. J. Marsh. Rep. 270.]

3. Copeland was a competent witness to prove the delivery of the wagon to the plaintiff, and Hill's declarations then made were admissible as a part of the *res gestæ*. [1 Ala. R. 344, 4 Id. 40.]

4. The refusal of the defendant to deliver the wagon on demand, stating that it was in Hill's possession, without placing his refusal upon the ground of some sufficient excuse, or want of authority in the person making the demand, was sufficient evidence to prove a conversion. [3 Esp. R. 114; 1 Johns. Cases, 406; 8 Johns. Rep. 445; 6 Wend. Rep. 603.]

COLLIER, C. J.—The defendant stipulated in his receipt to the plaintiff, to return the wagon " whenever called for, in good repair, and free from expense." This undertaking imposed upon him the duty to deliver it up on demand, or excuse the non delivery. If he suffered a third person to take it from his possession, or if he acquiesced in such removal, he would in either case be chargeable as for a conversion; unless he could show that the person thus taking it, had the superior title. There is no inflexible rule of law which would prevent him from excusing the non performance of his engagement by making such a defence.

When the demand of the wagon was made, the defendant did not place his refusal to deliver it upon the ground that the individual demanding it was unauthorized to receive it; but his reply was, that Hill had sent for and taken it away. If he had denied the authority, evidence of it might perhaps have been adduced; or if defective, its defects supplied. Under these circumstances, the objection that the demand was made by one who gratuitously represented the plaintiff, can avail nothing. The inquiry then, should have been, has the possession been yielded to a title superior to the plaintiff's?

Notwithstanding the denial by Hill, that he was interested in the result of the suit, it is insisted by the defendant in error, that he was liable to Spence if a recovery was had against the latter. Conceding this to be so, and it may be asked whether he will not be liable to Mitchell and Givens, for the amount of the blacksmith's account, if the plaintiff below shall fail to recover a sufficient sum in the present action to discharge it ? Is not then his interest balanced ? But if this

Spence v. Mitchell.

*equilibrium* of interest does not exist, would a verdict and judgment in favor of the one party, or the other, be evidence to affect Hill? If it would not, then an objection to the witness would only go to his credibility.

In Gibson, et al. v. Goldthwaite, 7 Ala. Rep. 281, it was held, that the deposition of a witness should not be excluded merely because he has omitted to answer one of the questions propounded, which was *prima facie* impertinent, and the direct answer to which could not benefit the party by whom it was proposed. In the present case, perhaps two of the questions asked upon the cross-examination, were not directly answered, as they should have been, yet the facts which they proposed to elicit, may be ascertained from answers given in other parts of the deposition, and there is nothing in the answers made, from which it may be inferred that the witness designed to answer evasively. It is evident that the witness had some little feeling, influenced doubtless by the conviction that the plaintiff had collected his money, which had never been accounted for, to a greater amount than the account for blacksmith's work. This may very readily account for the manner in which he answered the questions referred to, without attributing to him an intentional concealment.

In Cullum v. Smith & Concklin, 6 Ala. Rep. 625, we said that a motion to suppress a deposition which had been taken in conformity to the statutes, is addressed to the sound discretion of the court, and should never be allowed when sprung at the trial, inasmuch as its effect then must be, to take the opposite party by surprise. [See also Carters v. Manning & Jackson, 7 Ala. Rep. 851.] Thus we see that a deposition regularly taken, if the facts disclosed in it are admissible and narrated by a competent witness, should not be suppressed at the trial, for an objection that the answers are defective. If such an objection were then tolerated, it might be productive of great inconvenience, by subjecting the party against whom it was made to costs, and the hazard of obtaining a new trial if unsuccessful, in consequence of the rejection of the deposition. It follows from this view, that the deposition of Hill was improperly excluded.

The receipt of the plaintiff, for notes, &c. which Hill had

placed in his hands to collect, was inadmissible, either when offered alone, or in connection with the extrinsic proof. The undertaking of the plaintiff to collect, was in his official character of justice of the peace, and there was no stipulation between himself and Hill, that the former should appropriate of what he might collect, a sufficient sum to discharge the demand of Givens and himself against Hill, Buchanan and Copeland. Without the assent of the creditor, a justice of the peace cannot retain monies received by him officially, in payment of a debt due him by the former. [Lowrie v. Stewart, 8 Ala. Rep. 163.] Besides, if it were allowable for Hill thus to extinguish the demand of the plaintiff and Givens, without obtaining the consent of either of them, the testimony is at fault in not showing that a sufficient sum had been collected by the plaintiff to pay it.

We cannot perceive any objection to the testimony of Copeland; for however the present suit may eventuate, the debt for which, with Hill and Buchanan, he is liable, will still remain unpaid, and the legal obligation to pay it be unimpaired; at least so far as he is concerned. What he said in respect to Hill was admissible to weaken the force of Hill's testimony, and may perhaps be considered as nothing more than a reaffirmance of what is recited in the receipt given by the defendant to the plaintiff; and in that view perhaps was part of the *res gestæ*.

It sufficiently appears from what has already been said, that the evidence of a conversion, if accredited by the jury, was entirely competent to sustain the action, if the proof was in other respects such as authorized a recovery.

For the suppression of the deposition of Hill, the judgment of the County Court is reversed, and the cause remanded.