## THOMPSON, GUARDIAN, v. EVANS.

1. When an attachment returnable to the county court, is levied on property, and a claim is interposed, and bond given to try the right, the trial of the right of property must be had in the same court in which the attachment suit was instituted, and not in the circuit court.

Error to the County Court of Washington.

THE plaintiff in error caused an original attachment to be issued against the estate of John Evans, jr., returnable to the county court, which was levied by the sheriff on two bales of cotton. An affidavit was made by the defendant in error, that the cotton was his property, and bond executed by him as directed by the statute, to try the right. This bond was returned to the same court with the attachment, and a trial there had by a jury, who found the cotton not subject to levy and sale to satisfy the plaintiff's demand, and judgment was rendered accordingly.

LESLIE, for the plaintiff in error, insisted that the county court had no jurisdiction to try the right of property, and cited 6 Ala. Rep. 625; 8 Port. Rep. 554.

No counsel appeared for the defendant.

COLLIER, C. J.—In Gregg v. Hinson, et al. 9 Port. R. 631, it was determined that the county court had appellate jurisdiction of a case of the trial of the right of property before a justice of the peace. But in Cullum v. Smith & Conklin, 6 Ala. Rep. 625, it was held, that the circuit court has exclusive jurisdiction of all claims interposed by third persons, to property levied on by *execution*, whether the execution issues from that, or some other court. In respect to both these decisions, it may be enough to remark, that they were

influenced by statutes applicable to such cases, and are not necessarily conclusive of the case at bar.

The eleventh section of the act of 1833, "concerning attachments," [Clay's Dig. 57,] among other things, enacts, that the goods, money and effects attached, shall remain in the custody of the officer levying the process, unless the defendant, his agent, or some other person replevy the same by giving bond, &c. ; or unless claim be made to the property levied on, and bond given to try the right thereto "as in other cases, on which the same proceedings may be had as in trials of the right of property taken by virtue of a *fieri facias :* in which cases the officer shall suffer the property to remain in the possession, and at the risk of the defendant or claimant. And the said replevin bonds, or bonds for the trial of the right of property, shall be lodged with the clerk or justice where the attachment is returnable ;" and should any such bond be forfeited according to its conditions, the officer taking the same shall forthwith enter thereon the necessary indorsement of forfeiture, and the clerk or justice shall immediately issue execution on the same, against all the obligors therein ; which duties of clerks and other officers, shall be performed under all the penalties, *&c.*"

Justices of the peace are expressly authorized to proceed with the trial of the right of property, in cases originating before them, and the circuit and county courts are invested with appellate jurisdiction. And the acts of 1812 and 1828, which provide for such trials where a *fieri facias* is levied on personal property, confer jurisdiction on the circuit court, and by necessary implication, exclude the interference of the county court.

The trial of the right of property, where the levy was made by the initiatory process, may be regarded as between the plaintiff and defendant, in some sense, a part of the principal cause. If the property in controversy was all that was levied on, that suit could not progress until it was ascertained by a verdict and judgment, that the defendant had such an interest therein as was subject to his debts. But where the claim is interposed upon the levy of a *fi. fa.*, the trial is consequential to the judgment, and whatever be the result, the judgment will remain unimpaired. The connection then, between the

primary suit and the trial of the right of property, is perhaps more intimate in the former than in the latter case—it is certain that the same results do not follow in each. This being the case, perhaps induced a change by the legislature in respect to the exclusive jurisdiction of the circuit court ; or it may be, that the reorganization and extension of the powers of the county court since 1812, furnished a more potent reason for the modification of the law. But it is needless to speculate about the causes which induced a difference in phraseology between the acts of 1812, 1828, and 1833, since its existence is unquestionable. The latter enactment directs that bonds for the trial of the right of property attached, shall be lodged with the clerk where the attachment is returnable ; and upon the "indorsement of forfeiture," the clerk shall issue execution against the obligors therein. The affidavit of the claimant, and the execution of the bond, is the formal mode of interposing the claim, and these being returned with the attachment, and indicating the proceedings thereon, the trial of the right must be had in the court in which the suit by attachment is instituted. If the legislature had intended to invest the circuit court with exclusive jurisdiction in such cases, it is fair to infer from the language employed in kindred enactments, that terms would have been used, manifesting such an intention. It follows from what has been said, that the objection to the proceeding of the county court is not well taken : its judgment is therefore affirmed.