## JORDAN *vs.* JORDAN, BY NEXT FRIEND, &C.

1. It is not a good ground for suppressing a deposition, that it was taken on the first day of the term, to which the commission was returnable—the cause in which it was taken not having at the time been called for trial.

2. After a decree *pro confesso* is regularly entered, the complainant under the tenth rule for the regulation of chancery practice, has the right to take testimony *ex parte.*

3. The practice, where the testimony of several witnesses is the same, of including the answers of all in one, instead of taking down the answer of each separately, is one of doubtful propriety: But depositions should not be suppressed on that account at the hearing of the cause, where the testimony has been published, and the party who makes the objection, having been in default, is let in to defend and on leave granted proceeds, without noticing the objection, to cross-examine the witnesses.

4. In a divorce case the admissions or declarations of the defendant cannot be received in evidence to show a good ground for the divorce.

5. An objection to interrogatories as leading cannot be made for the first time in this court, and such objection will be considered as waived, unless the record shows that it was brought to the attention of the court below and the particular interrogatory, or portion of it objected to, specifically pointed out. A general objection " to each interrogatory as leading" is too indefinite.

6. A deposition taken in a chancery suit should not be suppressed on account of the incompetency of the commissioner, when the party objecting, although previously aware of the objection, makes it for the first time at the hearing —(Per PARSONS, J.—DARGAN, C J., dissenting.)

7. The brother of the next friend of the complainant, when such next friend has no interest in the subject matter of the suit, is competent to act as commissioner in taking testimony for the complainant.—(Per DARGAN, C. J.)

Error to the Chancery Court of Talladega. Tried before the Hon. David G. Ligon.

THE bill in this case was filed by the defendant against the plaintiff in error, who was her husband, for a divorce, on the grounds of abandonment and adultery, and for alimony. The questions presented by the assignments of error grow out of motions made at the hearing of the cause by the defendant below to suppress the depositions of witnesses that had been examined on the part of the complainant, and on which motions the chancellor ruled against the defendant. The particular facts

Jordan v. Jordan, by next friend, &c.

on which each question arose will be found sufficiently stated in the opinion of the court.

RICE, for the plaintiff in error.

WHITE, for the defendant.

PARSONS, J.—James D. Jordan, who was the defendant below, moved on the final hearing to suppress the depositions of S. Whatley, T. Bryant and C. P. McCann, because, as was contended, the commission under which they were taken had expired before the witnesses were examined. But the chancellor overruled the motion, because in fact one of those depositions was taken before the first day of the term to which the commission was returnable, and the others on that day and before the cause was called for hearing. As we do not think the authority given by the commission had then expired, we can see no error in overruling the motion.

2. The defendant below objected to the same depositions and some others, because they were taken without notice to him or his solicitor. The chancellor overruled the objection because when they were taken there was a decree *pro confesso* against the defendant, made on proof of notice of publication. The complainant under these circumstances was authorised by our tenth rule of chancery practice to take her testimony by proceeding *ex parte*.

3. It appears that in some instances the witnesses collectively answered the interrogatories; that is to say, in some instances where the same interrogatory was put to several witnesses, the answer of all being the same, was written down by the commissioner as the answer of all, instead of stating the answer of each one separately. Although the testimony of each witness plainly appears in this case, and although depositions may be taken publicly in this State, yet this mode of taking them is of doubtful propriety. But there was no motion to suppress the depositions until the final hearing, and then it was made under peculiar circumstances. After the depositions had been taken, published and used in the cause, the defendant appeared for the first time and on his own petition was let in to defend. By his petition he prayed for leave to cross-examine the witnesses and this was granted and he had ample time afterwards to do so.

The defendant having thus acquiesced in the depositions as taken, except that he desired and obtained leave to cross examine the witnesses, ought not to have prevailed with his motion to suppress, which for reasons of his own he delayed until the hearing of the cause. According to some very respectable opinions, motions to suppress are addressed to the discretion of the court, (Underhill v. Van Courtland, 2 J. C. R. 345,) and it is very clear that the benefit of such a motion may be lost if the motion be delayed until the hearing.

4. The defendant objected to the evidence of some of his declarations, but there is an ample amount of proof to sustain the decree after rejecting his declarations and all other irrelevant evidence.

5. He objected to some of the complainant's interrogatories as leading, but without pointing them out particularly to the chancellor, and his objection was overruled. We have no hesitation in saying that an objection of this kind cannot be made here for the first time; and that it must be considered here as waived unless it appears by the record that it was brought to the attention of the chancellor, so that he might have seen the particular ground of the objection. The party cannot object, as in this case, to each interrogatory that is leading and leave it for the chancellor to find out how far each one is leading. The party must state which are leading and call the attention of the chancellor directly to the ground of his objection.—Donnell v. Jones et al. 13 Ala. R. 490. In case of leading interrogatories, the English practice is for the party objecting to apply to the court to have them refered to a master to be examined in that respect, and he certifies the result of his examination. Either party by excepting to the master's certificate may have the opinion of the court upon the question.—2 Daniel's Chan. Plead. and Prac. 1141-2. But the opinion of the court is had before the cause is on its final hearing, and if the objection be sustained and the depositions suppressed, the court in its discretion may allow the party to re-examine the witnesses.—Ib. 1143. Here there would be no need of a reference, but the objection should be brought timely to the attention of the court. The court might refer it, if necessary.

6. The last objection was that one of the commissioners who took a deposition was a brother of the complainant's next friend

in this cause, but this objection like all the rest was made for the first time on the hearing of the case.    In the case of Lord Mostyn v. Spencer, 6 Beav. 135, (2 Daniel's Prac. 1141,) Lord Langdale, M. R. made an order suppressing the depositions, upon the ground that one of the commissioners was the nephew and agent of the plaintiff; and he further held that it was not a valid objection to an application of the sort, that publication had passed, if the party complaining came within a reasonable time after he discovered the objection.    But it is evident that Lord Langdale would not have thought such an objection in time if it had come for the first time at the hearing of the cause.    It is to be presumed from the circumstances of this case, that the defendant had been aware of the relation between his wife's next friend and the commissioner for a considerable time, yet he kept his objection to himself until the cause was on its hearing; then he sprang it for the first time, aiming not only to exclude the evidence, but by choosing his time, to defeat the complainant in her suit.    My own opinion is that this objection and all objections founded upon irregularities in taking depositions, must be made before the cause is on its hearing.·   This case requires no opinion as to the particular time when or the mode in which such objections should be made, for in this case none of them were made in any way until the cause was on its hearing. There are several decisions of this court in relation to irregularities in the taking of depositions in causes at law, which in some degree support my opinion in this case.    Among these are the cases of Spence v. Mitchell, 9 Ala. 744, and Scott v. Baber, 13 ib. 182.    My opinion upon the last point, that relating to the relation between the commissioner and the complainant's next friend, is, however, opposed to the opinion in Bryant v. Ingraham, 16 ib. 116.    But that was a case at law, and as I do not concur in the opinion there expressed, I am unwilling to adopt it in chancery practice, because in my opinion it would disturb the harmony of a system which is finely adapted to the ends of justice.    The Chief Justice, for reasons which he will state, concurs with me in the opinion that the last objection was properly overruled in this case.    We only differ as to the ground, upon which alone I am willing to place my opinion.    Let the decree be affirmed.

DARGAN, C. J.—I concur in affirming the decree of the chancellor, but am not prepared to depart from the reasoning of the court in the case of Bryant v. Ingraham, 16 Ala. 116. It is true the judgment of the court in that case might have been rested on the ground that objections were made to the competency of the commissioner at the time the commission was executed, and being then made, they could well have been insisted on at the trial, as the party objecting had done no act to waive them. But the decision was placed on a higher ground, which was that the commissioner being incompetent to execute the commission, the party against whom the evidence was offered might move to suppress it at the trial. To this opinion I still adhere, and think that the motion to suppress should be allowed, though made for the first time at the trial, if the party has done nothing which should be construed into a waiver of the objection. Testimony taken by deposition may be considered in three points of view: first, the evidence itself; secondly, the medium by which it is introduced; and lastly, the manner in which it is taken. If the testimony of the witness be illegal evidence it may be objected to at any time, unless some act has been done by the party objecting that would render it improper to entertain the motion; as, if a party with the knowledge of the interest of a witness should cross-examine him without objection and thereby gain the advantage of all he knew, he ought not afterwards to be allowed to raise the objection of interest; for this would be to allow him to speculate on the testimony. If, however, he did not cross-examine the witness, nor do any act to waive the objection, he may object whenever the testimony is offered. So if the medium or source through which the testimony is taken is illegal, I think the testimony itself is illegal; for although the witness may be competent to testify, yet he must depose before one duly qualified to take his testimony, and if the commissioner be incompetent or disqualified by law to act as such, the evidence taken before him is in my opinion illegal and may be objected to at any time, unless the party has by some act waived the objection or done something that would render it improper for him to insist upon the objection. No one will, I think, deny but that illegal evidence may be objected to at any time when offered, unless the objection has been waived. Unless therefore we can draw a distinction between

illegal evidence on account of the incompetency of the witness, and illegal evidence on account of the medium through which it reaches the court, the rules in reference to the admissibility, or rather in reference to the time when objections should be made to its admission, should be the same. It is said in many cases that a motion to suppress a deposition is addressed to the discretion of the court, when regularly taken.—Cullum v. Smith & Conklin, 6 Ala. 625; Spence v. Mitchell, 9 Ala. 744, and cases there cited. But I cannot believe that it ever was intended to be asserted that a motion to suppress illegal evidence was a matter of discretion, but on the contrary it is a matter of duty and must be granted whenever made, unless the objection has been waived by some act of the party. But if the witness himself was competent to testify and the commissioner qualified to take his testimony, and objections are raised because the interrogatories are leading, or because the witness has not fully answered a particular interrogatory, or because the circumstances under which the commission was executed be such as to induce the court to believe that injustice would be done by allowing the testimony to be used, the court may in its discretion suppress the deposition thus taken and allow the witness to be re-examined. But a motion for such a reason must be addressed to the discretion of the court, for the testimony itself is legal, and the court must judge whether it was taken under such circumstances or in such manner as would probably work an injury to the party objecting without any default on his part. Such a motion all the authorities agree must be made before the trial.—Cullum v. Smith & Conklin, *supra;* Spence v. Mitchell, *supra.* But I cannot see why objections to illegal testimony should be made before it is offered to be read, whether this illegality arises from the incompetency of the witness or the illegal manner through which it is introduced. The testimony, in my judgment, stands on the same footing in both cases. It is illegal, and being so, I think it can be objected to when offered to be read, unless the objection has been waived, or unless the party objecting has done some act that would render it improper to allow him to insist upon it.

I, however, hold that the brother of a next friend, when the next friend has no interest in the subject matter of the suit, is

not incompetent to act as a commissioner in taking the testimony for the complainant.

CHILTON, J., having been of counsel in the court below for the plaintiff in error, did not sit in this case, but after the foregoing opinions had been pronounced, expressed his entire concurrence in that delivered by PARSONS, J., as to the point on which he and the Chief Justice differed.