LEGGETT and WOOSTER *vs.* BOYD, impleaded, &c.

The wife of the *special bail* is an incompetent witness for the defendant.

The defendant has a right to avail himself of the testimony of special bail by substituting and justifying new bail.

*It seems,* that a party has a right to call and examaine witnesses who have arrived in court, after the proofs are closed and before the opposite party has summed up the cause to the jury.

The granting or refusing the delay of a trial until a party can obtain the attendance of witnesses casually or unexpectedly absent, will be left to the discretion of the circuit judge.

THIS was an action of assumpsit, tried at the New-York circuit in April, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The action was on a promissory note for the sum of $1265,67, bearing date the 12th September, 1825, given by the defendant Boyd, a partner of a mercantile house trading under the name of Boyd and Frost. Boyd only was taken, and he interposed the defence of *infancy.* The mother of the defendant was offered as a witness to prove his infancy. She was objected to as incompetent because her husband was special bail in the cause. The defendant offered to substitute other bail and to justify *instanter,* which the judge refused to permit, saying the application was addressed to his sound discretion, and that he would not grant it in favor of such a defence. A brother of the defendant, between 18 and 19 years of age, then testified that he always understood and believed the defendant to be 2 years and 11 months older than himself, (according to which the defendant, at the date of the note, was of the age of only 18 years 10 months and 3 days.) Another witness testified that in 1819 the defendant came to live with him as a clerk; he then believed him to be 14, 15 or 16 years of age, probably something like 15; that he lived with him 5 years; that he served as a clerk with another person about 6 months, and then commenced business in partnership with Frost. When defendant left witness, he thought he was not quite of age, but would soon become so. The defendant offered to prove by his brother the family bible of his parents, in which the

births of their children were entered by their mother, the birth of the defendant being entered as of the 16th November, 1806. This evidence was objected to and rejected. The defendant, stating himself surprised by the objection taken to the competency of the mother of the defendant as a witness, applied to the judge to grant a delay of a few minutes until he could send for witnesses residing in a street not far off. The plaintiff's counsel objected to the delay, as the trial of the cause had already been put off during the circuit, to give the defendant an opportunity to collect his witnesses. The judge observed that this also was an application to the sound discretion of the court, and that in favor of such a defence he should not grant the application under the circumstances of the case. The counsel for the defendant then addressed the jury ; and as the counsel for the plaintiff rose to address them, the defendant's counsel stated to the judge that two witnesses who had been expected to attend the trial were then in court, by whom the infancy of the defendant at the date of the note could be proved, and asked leave to examine them. The plaintiff's counsel objected, and the judge again stated that this application was also addressed to the sound discretion of the court, and that under the circumstances which had been disclosed, he did not deem it proper to grant the application. The judge charged the jury that infancy was a defence to the note in question, but that it ought to be established in a satisfactory manner; that if the jury believed, from the testimony which had been given, that the defendant was under the age of 21 at the date of the note, the verdict should be for him, otherwise for the plaintiff. The jury found for the plaintiff. The defendant having excepted to the several decisions made against him, the cause now came before the court on a bill of exceptions.

*J. L. Wendell*, for defendant. It is the settled practice at *nisi prius* to allow a substitution of special bail, where the defendant is under the necessity of calling his bail as a witness. (8 Johns. R. 407.)

The family bible was admissible in evidence under the circumstances of the case. The persons who could have testi-

*Margin note:* ALBANY, October, 1829. Leggett v. Boyd.

fied with absolute certainty had been excluded, and no great-er evidence was behind in the party's possession. (1 Phil-lip's Ev. 176.)

A delay for a few minutes to send for witnesses should have been granted in the exercise of a legal discretion, although the defence was so very unmeritorious.

The party should have been permitted to examine his witnesses, although the proofs had been closed. No possible evil could have arisen from it; it was not the re-examination of a witness to supply defects pointed out by the opposite counsel or by the court; it was the examination of witnesses who had just arrived, and for whose arrival a delay had been solicited. (2 Johns. Cas. 318. 7 Johns. R. 306. 4 Cowen, 451.)

The charge to the jury is exceptionable. An intimation from a judge equally calculated with a misdirection to mislead a jury, is good cause to set aside a verdict.

*Fessenden*, for plaintiff. Special bail cannot be a witness for a defendant, and of course the wife of the bail was incompetent. Substitution should not be allowed at the circuit, as insufficient bail may thus be imposed on the plaintiff. Their justification is no security; for the plaintiff may be ignorant of their responsibility, and has no opportunity for inquiry, as he has when bail is regularly put in. At all events, the application to substitute bail is addressed to the discretion of the circuit judge, with the exercise of which upon this point and the other points addressed to the same discretion, this court will not interfere. The family bible was totally inadmissible. (Phil. on. Ev. 188. 4 Barn. & Ald. 53. Cowp. 591.)

*By the Court*, MARCY. J. It is well settled that special bail are so far interested that they cannot be examined as witnesses for a defendant. If in this case the defendant's father was an incompetent witness by reason of his being special bail, his mother was in like manner interested. Where the husband is disqualified by reason of his interest, the wife is also incompetent. (1 Ld. Raym. 744. 2 Str. 1095.)

After the trial of a cause has been commenced, it is entirely in the discretion of the court to delay until a party can pro-

cure the attendance of a witness who is casually and unex-  
pectedly absent at the moment he is called; and it is scarcely  
possible to conceive a case where this court would interfere  
with the decision of a circuit judge on such an application.  
At all events, I see nothing objectionable in the refusal of the  
judge in this case to delay the trial until the defendant could  
procure the attendance of his absent witnesses.

Entries in a family bible are unquestionably evidence for  
some purposes, particularly in cases of pedigree, and where  
the facts transpired at such a remote period that no living wit-  
nesses can be supposed to have any knowledge of them. The  
family bible was not, however, offered in this case to prove  
any such facts. The entries in it were comparatively recent,  
and the person by whom they were made was in court. I am  
disposed to believe the judge decided correctly in rejecting  
this evidence.

I do not discover any thing objectionable in the charge to  
the jury. The judge gave no opinion upon the facts; nor was  
his charge calculated to mislead them.

I think, however, the judge erred in refusing to permit the  
party to substitute new special bail, so as to restore the com-  
petency of Mary Boyd, the wife of the special bail. This is  
frequently done on trials where the defendant offers new bail  
who are willing and able to justify; and I discover nothing  
in this case that calls upon us to make it an exception. In the  
case of *Irwin* v. *Caryell*, (8 Johns. R. 407,) the court reversed  
the judgment of a justice of the peace because he refused to  
release the bail and take other security, the bail being a mate-  
rial witness for his principal. It would be difficult to distin-  
guish that case from this in principle.

It appears to me that the request of the defendant to exa-  
mine his witnesses who came into court about the time the  
plaintiff's counsel began to address the jury, was reasonable,  
and that the judge ought to have heard their testimony; but  
whether we would grant a new trial if this was the only ques-  
tion in the case, is a matter of some doubt.

New trial granted.