## STEELE v. DART & CO.

1. A son wrote to the creditors of his father, promising to pay a debt his father owed, stating that his father had made provision for it, and concluded by saying "I am the agent for the trustees, and am determined the debt shall be paid forthwith." *Held*, that this was not an absolute promise to pay the debts. That if he was responsible upon the promise, it was in his character of agent, when the question would be whether he had authority from the trustees to make the promise.

2. A deposition in the hand writing of the party taking it, cannot be read in evidence unless the opposite party was present consenting thereto.

ERROR to the Circuit Court of Jefferson.

Assumpsit by the defendants against the plaintiff in error.

The action was brought on a written promise by the defendant to the plaintiffs to pay the debt of the defendant's father.

The promise relied on was made by letter, and is as follows: after stating that his father, in consequence of some misconduct, had been compelled to fly the country, but had left plenty to pay off all demands, the writer proceeds:

"I would like if you would sue on the claim you hold on Steele & Adkins, as the concern of Steele & Adkins, or the property belonging to Steele & Adkins as joint property, is insufficient to pay the demands against them; and if you will sue, the law will compel Adkins to pay his half. The claim you hold against Steele & Allen for some $800, will be paid by me soon, as there was a provision made for it. I may not pay it until next spring, at which time I expect to be in your city, and at that time hope to arrange business satisfactorily. Should you send Steele & Atkins' note south for collection, which I have no doubt you will soon, I would advise to address it to Crabb & Cochran, &c. I am the agent for the trustee, and I am determined the debts shall be paid forthwith.

Your friend, SYLVESTER STEELE.

N. & J. DART & Co."

The defendant, to prove his infancy, offered the deposition of a witness, to the reading of which the plaintiff objected, because it was in the hand writing of the defendant, except the signature of the witness and commissioners. The court sustained the objection, and the deposition was excluded.

The court charged the jury, that the letter of the defendant was an absolute promise to pay the debt described therein of Steele and Allen; and if the jury should find from the evidence that the promise was made upon a consideration, either of a valuable thing received by the defendant, or forbearance by the plaintiffs to sue the original debtors, it was a valid promise in law, and the defendant was bound by it, unless he had satisfied the jury he was under twenty-one years of age at the time he made the promise.

The defendant excepted to the exclusion of the deposition, and to the charge of the court; and now assigns the same as error.

MARTIN & HUNTINGTON, for plaintiff in error, cited 2 Marshall, 72; Minor, 136.

MUDD, *contra*, cited 2 B. Monroe, 302; 2 Greenleaf, 408; 5 N. H. 94; 2 Haywood, 305.

ORMOND, J.—The deposition being shown to be in the hand-writing of the defendant, was properly excluded. There would be no security for suitors in our courts, if the evidence was permitted to be written down by a party to the suit, the opposite party not being present and consenting thereto.

The evidence taken by deposition, is most usually *ex parte*, and requires all the guards which can be thrown around it to secure it against imposition and unfairness. In the case of an ignorant or willing witness, a party to the suit could shape the testimony to suit his own purposes; and we are clear in the opinion, that the deposition was properly rejected.

As it regards the promise made by the defendant, my own opinion is, that it is an absolute promise to pay the debt, though I admit the question is not entirely free from difficulty. My brothers think that the concluding sentence of the letter, in which the defendant says that he is the "agent of the trustees," shows that he did not intend to bind himself individually, but that he merely intended to state, that having the control, as agent of the trustees, of the means provided by his father for the payment of his debts, he would be enabled to discharge the debts; and that if he is responsible upon his promise individually, it must be in his character of agent, when the question would be whether he had authority to make the promise on behalf of the trustees. I rather incline to the opinion that the true meaning of the letter is, that he intended to bind himself individually to pay the debt, and discloses the fact, that he was the agent of the trustees, and as such, had possession of the funds to assure the plaintiffs that he, although a mere youth, as he appears to have been, had the ability to comply with it.

Let the judgment be reversed, and the cause remanded.