Van Wezel *v.* Wyckoff and others.

The statute of limitations does not run in favor of heirs, during the three years next succeeding the granting of letters testamentary or of administration on the estate of their ancestor.

A creditor of the ancestor, who is entitled to maintain a suit against heirs in respect of the real estate descended to them, may have a decree against the proceeds of such real estate where the same have been paid into court upon a sale of the property under an order or decree of the court.

A subsequent suit against the heirs, in behalf of all creditors, will not affect a suit already instituted by a creditor in his own behalf, unless an order of the court be obtained directing him to come in under the former proceeding.

A solicitor for a non-resident complainant, in whose behalf security for costs has been filed, by a surety who justified *ex parte*, is a competent witness presumptively, although he testifies before the time for excepting to the surety has expired.

February 11 ; May 25, 1846.

The bill was filed in August, 1840, against the heirs at law of John Wyckoff, late of Gowanus, in the county of Kings, deceased, to compel the payment of a promissory note made by him, dated July 2, 1834, and payable thirty days after date to James Buchanan or order.

It appeared that the note was signed by the intestate, and was indorsed by J. C. Buchanan, for the payee. It was proved that J. C. Buchanan was the agent of the payee, and always acted for him and represented him in his absence. The witness who at that time was attorney and counsel for the payee, had also seen a power of attorney under which J. C. B. acted.

It further appeared that after the note became due, a suit at law was commenced against the maker, in the complainant's name, in the supreme court in August, 1834, and after an inquest had been taken it was discovered that the maker died previous to the inquest, and the suit was abandoned. The note was mislaid, and did not come to the notice of the complainant's solicitor for several years. The complainant did not reside in this state while the suit was pending.

The foregoing facts were proved by his solicitor, who was objected to as an incompetent witness on the ground that he was liable for the costs of the suit: In answer to which it was shown that on the day previous to his examination, a bond to the defendants as security for their costs, in the penalty required by the statute, executed by a surety who justified, was filed with the clerk of the court. The objection was nevertheless persisted in, on the ground that the defendants had nineteen days left in which to except to the surety at the time the solicitor was examined, and his liability for costs continued until the security was perfected. The examination was taken subject to the objection.

It was further shown that the personal assets of John Wyckoff were insufficient to pay his debts, and the same had been duly administered. That he left four heirs, to whom a large real estate descended, which was afterwards sold in a partition suit, and the share of the youngest heir, John Wyckoff, who is an infant, was paid to the clerk of the court, to be invested for his benefit. The three other heirs received their portions.

While this suit was pending, Jacques Smith, a creditor of the intestate, filed a bill in behalf of himself and other creditors, against the heirs, in which a decree was made in September, 1842, for the payment of creditors whose demands were established before the master on the reference in that suit. It did not appear that the complainant had any notice of that suit, or of the proceedings under it.

The adult defendants joined in an answer to the bill in this cause, and the infant John Wyckoff, by his *guardian ad litem* also put in an answer. The defendants set up the statute of limitations, and other grounds of defence.

*W. Mulock*, for the complainants.

*W. S. Sears*, for the infant defendant.

*N. F. Waring*, for the other defendants.

THE ASSISTANT VICE-CHANCELLOR.—The motion to strike out the testimony of Mr. Muloch must be denied. At the time he was examined, he was presumptively relieved from his liability for the costs. Security for costs had been filed, and the obligor in the bond had justified. It is true that there were nineteen days remaining in which the defendants might except to the security, but the preliminary justification shows in the absence of rebutting evidence, that the exception would have been fruitless.

In the analogous case of special bail in the courts of law, it is the practice to allow other bail to be substituted on the trial, so as to enable the defendants to use the bail originally put, in as witnesses ; and the possibility that on an exception, the new bail may be found insufficient, does not render such witnesses incompetent. (*Leggett* v. *Boyd*, 3 Wend. 376.)

Upon the merits of the case, I think the proof of the note and of the complainant's title to it, is sufficient. The authority of J. C. Buchanan to make the indorsement, is proved by his acting as agent, independent of the testimony as to the written power. But if this were otherwise, the objection to the parol evidence was not made in season.

The statute of limitations is not a valid defence. Administration on the estate of the defendant's ancestor, was granted in October, 1834. The complainant could not sue the heirs, until three years after that time, and during this period, the statute did not run in favor of the heirs. (2 R. S. 109, § 53 ; *Butts* v. *Genung*, 5 Paige, 256 ; *Leonard* v. *Morris*, 9 ibid. 90.)

I do not find any proof in support of the objection that this debt was not presented to the administrators upon their advertising for claims. If this were proved, it would avail nothing, as the administrators did not have assets enough to pay all the other debts.

As to the suit of Jacques Smith against these heirs, in behalf of all the creditors, the decrees were made in 1842, and probably the suit had not been long pending. At all events, there is no pretence but that this suit was commenced first. It does not appear that the complainant knew of Smith's suit, and if the defendants desired to save expense, they should have moved the

court to compel him to come in and prove his demand under the decree in that suit.

The complainant is entitled to a decree against each of the heirs, for one-fourth part of his debt and interest and costs of suit.

The proportion payable by the infant, will be paid by the clerk out of the funds of the infant in his hands. And the costs of the *guardian ad litem* must be paid out of the same fund.

Decree accordingly.