## DRINKWATER v. HOLLIDAY.

1. An admission of indebtedness, in a precise, ascertained sum, is not an open account, or barred by the statute of limitations of three years.
2. When there is an unsettled account between two persons, and one receives from the other a sum of money, which he agrees to secure by a deed of trust; he may, when sued for this money, reduce the amount, or defeat the action, by showing that the other party was indebted to him at the time upon the unsettled account; but he cannot cast upon the other party the burthen of unravelling the account.
3. A surety to an attachment bond, who is a necessary witness for the party, may be made competent, by the execution of a new bond with other sufficient surety, and it is the duty of the court to permit such substitution to be made.

Error to the Circuit Court of Marion.

Debt by the plaintiff in error, commenced by process of attachment.

Pleas, *nil debit*, and the statutes of limitation of three and six years.

Upon the trial, as appears from a bill of exceptions, the plaintiff made affidavit, that Brunson Hollis, his agent, in taking out the attachment, and executing the attachment bond was a material witness for him, and he knew of no other per-

son by whom he could prove the same facts, and moved for leave to execute a new bond, which being refused, he then moved the court for permission to execute a bond of indemnity to the defendant against all damages he might sustain, by the wrongful or vexatious sueing out the attachment, so as to enable the witness to testify, which the court also refused, and he excepted.

The plaintiff then proved by one John Hollis, that some time in 1837, he paid over to defendant $30, money coming from plaintiff, from the estate of Daniel Holliday, of which witness was administrator. The same witness proved, that on the 20th January, 1840, he paid the witness $314, in pursuance of an order from the plaintiff, as follows:

" *Tallahachee Co., Miss., January* 13, 1840.

Col. John Hollis. Dear Sir—Please pay over to Mr. Joseph Holliday, whatever money you have in your hands coming to me, from the estate of D. Holliday, and take his receipt for the same, and oblige yours, &c.

W. W. DRINKWATER.

P. S.—When I see you we can come to a final settlement."

Witness took defendant's receipt, and remarked to defendant, I suppose, Mr. Holliday, this is in payment of what Mr. Drinkwater owes you; if I was you I would not pay it back. To which defendant replied, he did not intend to do so.

Plaintiff also proved, by one William Hollis, that some five or six years ago, in company with one Brunson Hollis, he accompanied the defendant to Mississippi, who informed him that he was going to plaintiff to get some money, and on his return, said he had got what was equal to money, an order on Col. J. Hollis; and further said, he had promised plaintiff to execute a deed of trust to Brunson Hollis, as agent of plaintiff, upon a negro boy, to secure the payment of the money to be obtained from Col. Hollis.

Another witness testified, that ʳsome five or six years ago, he heard defendant converse with Brunson Hollis, the agent of plaintiff, about a deed of trust he had promised to make to plaintiff. He said he owed him some money, and had promised to make him a deed of trust to secure it, but that the negro was then sick, and it was not worth while to make

it. He said he could pay plaintiff, and if he should not be able, and the negro recovered, he could take him. There was no proof of any promise to pay within three years.

The plaintiff's counsel requested the court to charge the jury, that if from the testimony, they believed that defendant, when he obtained the order from plaintiff to Hollis, promised to make a deed of trust to secure the payment of the money, that this was such a contract, and closing of the account, as would take the case out of the statute of limitations of three years. The court refused so to charge, but informed the jury, that this would not close the account.

The court charged further, that if the parties came to a settlement, and closed their accounts, the statute of three years would not bar the claim; but if one asserted a claim, and the other denied it, and there was no written evidence, and no settlement, then the statute of three years would bar the claim.

To all which the plaintiff excepted, and which he now assigns as error.

W. R. SMITH, for plaintiff in error.
COGGIN & NOOE, contra.

ORMOND, J.—It is inferrible from the proof in the cause, that there was an old account, of long standing between these parties unsettled. It appears also, that in the year 1840, the defendant went to Mississippi, where the plaintiff resided, to get money, but whether as a loan, or in payment of a balance due him, does not appear. It is certain, however, that no settlement took place, but the plaintiff gave him an order on his agent in this State, for the money he then had on hand belonging to him, the repayment of which to the plaintiff, was to be secured by a deed of trust on a slave. He obtained the money, but afterwards excused himself from making the deed, because the negro was sick, and that he was able to pay the debt, if not, and the negro recovered, plaintiff could take him.

It is perfectly clear from this statement, we think, that this advance of the money in Col. Hollis' hands, is a separate and

distinct transaction, from the general account between these parties. This is conclusively shown by the promise of the defendant to secure the payment of the sum he was to obtain, and his admission subsequently of his liability to pay it, and of the plaintiff's right to the slave. This is a direct admission of indebtedness to that amount, and being a precise, ascertained sum, is not an open account, or barred by the statute of limitations of three years, although not reduced to writing. [Caruthers & Kinkle v. Mardis, 3 Ala. R. 600, and the previous cases in this court there cited.]

There can be no doubt, that the defendant could reduce this amount by showing, that the plaintiff was then indebted to him, upon a subsisting account, which though due was not liquidated at the time the advance was made to him by the plaintiff; but he cannot, after receiving this money upon an agreement to acknowledge himself the debtor of the plaintiff for the sum to be received, cast upon the plaintiff the burthen of unravelling his account, and showing what is the true state of the accounts between the parties.

The practice of courts in modern times, is to prevent the exclusion of interested witnesses, if by any means in the power of the party, their competency can be restored, and no prejudice result to the other party. Thus, a surety to an appeal from an inferior court, may become a witness for the appellant, upon another surety being substituted in his place. [Tompkins v. Curtis, 3 Cowen, 251.] So also bail may be substituted, and an *exoneretur* entered as to the former bail, to enable him to testify. [Leggett v. Boyd, 3 Wend. 376.] And this it is said is a matter of right. See also, Irwin v. Cargill, 8 Johns. R. 407, and Stimmel v. Underwood, 3 Gill. & J. 282.] We entertain no doubt whatever of the power of the court in such a case as this, to cause a new bond to be substituted with sufficient surety, and to cancel the bond first executed; and as little about its being the duty of the court in such a case, when no possible injury could accrue, to direct it to be done. The only doubt we have felt, is, whether it is not one of the discretionary powers of the court trying the cause. But as this judgment must be reversed on the

other point considered, it is not necessary to determine this at this time.

Let the judgment be reversed and the cause remanded.