## TAYLOR v. THE B. BANK AT HUNTSVILLE.

1. An attorney at law of a party in obtaining a judgment, may act as commissioner in taking a deposition for his client, to be used in a claim suit growing out of the judgment, he not being the attorney in the claim suit, and it not being shown that he has any interest in the event of the suit.
2. Upon the trial of right of property, the plaintiff may show, when the debt upon which his judgment is founded, originated. Where the debt was created by a discount in bank, the bank may show, the discount of the original note, and the various renewals down to the last note.
3. An admission of indebtedness, is not evidence against another creditor, whose debt existed at the time the admission was made.
4. A surety to a bond for the trial of the right of property, may be rendered a competent witness for his principal, by the substitution of another surety; and the refusal of the court to permit this to be done, may be revised on error.
5. Evidence which merely shows that the judgment is voidable at the election of the defendant, or that the plaintiff has an additional remedy, cannot be adduced by the claimant, on a trial of the right of property. He cannot therefore show, that the defendant in execution was a surety merely; that a judgment was first obtained against the principal debtor, who had ample property to satisfy it, and that the sheriff failed to return the executions, &c.

Error to the Circuit Court of Benton.    Before the Hon. G. D. Shortridge.

THE bank sued out execution against John Chandler, which was levied on a slave named Reuben, as the property of Chandler, to whom the plaintiff in error interposed a claim under the statute, and gave bond to try the right.

In the progress of the trial, as appears from the bill of exceptions, the plaintiff offered in evidence the deposition of one Lacey, which was objected to upon the ground, that the commissioner was the general attorney of the bank, and had been the attorney of the bank in obtaining the judgment on which the execution issued, but was not concerned in the levy which was made, or in the trial of the right of property. The court overruled the objection, and the claimant excepted.

The plaintiff proved, that the debt on which the judgment was founded, originated in 1837, by a loan to Chandler, and the claimant as his surety, and had been extended at various times, under the different acts granting relief, until the year 1843, when a note was given for the same debt, with the claimant as surety.    The claimant objected to this testimony, but the objection was overruled, and he excepted.

The claimant introduced a conveyance from Chandler to him of the slave in controversy, dated 19th December, 1842, which acknowledged the receipt of $600 for the slave, and offered to prove the declarations of Chandler, made previous to the date of the bill of sale, that he was indebted to claimant, to which the plaintiff objected; which objection was sustained by the court, and the testimony excluded, to which he excepted.

The claimant offered as a witness, one of his sureties in the bond for the trial of the right, and offered to execute a new bond, with sufficient security, which the court refused to permit, and he excepted.

The claimant also offered evidence to prove, that from the time of the execution of the first note, down to 1845, when the said Chandler left the county, he had property amply sufficient to pay the debt.    That a judgment had been rendered against Chandler, on this note, previous to the rendi-

tion of the judgment against claimant. That an execution issued on the judgment against Chandler, came to the hands of the sheriff of Benton, while Chandler had property sufficient to satisfy it, which the sheriff neglected to levy on, but permitted him to carry the property away; which testimony the court, on motion of the plaintiff, excluded, and he excepted. These various matters, are now assigned as error.

RICE & MORGAN, for plaintiff in error.

1. A surety on a claim bond, may become a witness for the claimant, upon giving a new claim bond with other and sufficient security for the prosecution of the claim, being substituted. And it is error, if the primary court refuses to permit such substitution, and excludes the witness. Drinkwater v. Holliday, 11 Ala. R. 134.

2. In such case, when a surety is offered as a witness, the claimant may be required by the court to state what he expects to prove by him,—but where the court, without making any requisition whatever, "refused to permit the said security on the claim bond, to be released," and excluded the witness *in limine*, its decision must be understood as denying the right of the claimant to examine such witness under any circumstances whatever. Duffee v. Pennington, 1 Ala. R. 506.

3. An attorney at law who has procured a judgment for his client, cannot act as a commissioner for that client, in taking a deposition in a claim suit arising out of the levy of an execution issued under that judgment. His incompetency to act as commissioner, rests on public policy and the relations of attorney and client, if not upon an interest in the event of the suit.

4. Although it was competent for the plaintiff in execution to prove that the debt on which the judgment was founded, existed in 1842, at the time the conveyance of the slave was executed to the claimant, yet it was not proper nor legal to allow the plaintiff to prove several and distinct renewals of the debt from year to year, extending as far back as 1837. Such evidence was exceedingly improper and hurtful to claimant, after the plaintiff had "disclaimed any intention to attack the conveyance for fraud in fact,"—and had, by such disclaimer, induced the court to exclude evi-

dence offered by claimant tending to prove the consideration and fairness of the conveyance.

5. But the alledged renewals of the debt from year to year, were not renewals of the original debt, but were payments or extinguishments thereof—as the acceptance of a negotiable instrument, with a different party thereon in lieu of a prior instrument and antecedent debt, is the satisfaction of the prior instrument and antecedent debt.

A. J. WALKER, contra.

COLLIER, C. J.—A deposition should not be rejected, because the questions and answers were written by the attorney for the party who offers it as evidence. Wynn and wife v. Williams, Minor's Rep. 136. But if a deposition be written by the party at whose instance it was taken, it cannot be read in evidence, unless the opposite party was present consenting thereto. Steele v. Dart & Co. 6 Ala. Rep. 798. It has been held that a motion to suppress a deposition which has been taken pursuant to statute, is addressed to the sound discretion of the court, and should never be allowed when sprung at the trial, as its effect then must be to take the opposite party by surprise. Cullum v. Smith & Conklin, 6 Ala. Rep. 625; Spence v. Mitchell, 9 Ala. Rep. 744. See also Carter v. Manning & Jackson, 7 Ala. Rep. 851.

A deposition taken before one who has acted as the agent of the party in the same cause is admissible. Smith v. Smith, 2 Greenl. Rep. 408. But a deposition taken before an uncle of one of the parties to the suit has been rejected. Bean v. Quimby, 5 N. Hamp. Rep. 94. In Wood v. Cole, 13 Pick. Rep. 279, it was held that a magistrate who had previously been of counsel in the cause, but was not so, at the time of taking the deposition, and had no interest in the case, was legally competent to take it. See also Chandler v. Brainard, 14 Pick. Rep. 285; Coffin v. Jones, 13 Id. 441; McGinley v. McLaughlin, 2 B. Monr. Rep. 302.

We have cited these decisions of this and other courts, as furnishing the most striking analogies to the case at bar, of any that have come under our notice; but we would remark in respect to the adjudications in other States as to the ad-

missibility of depositions upon trials at law, they depend on their own legislation, or rules of court, and cannot therefore be much relied on.

It will be observed that the individual who executed the commission under which Lacy's deposition was. taken, was not the attorney of the plaintiffs in the case made by the interposition of the claim of property, that is, he did not give it his attention in court.    True, he was the general, attorney of the bank, and in that character recovered the judgment of which it was the object of the present suit to obtain satisfaction, and doubtless, when necessary, was consulted, or gave his advice in respect to it.    We think that the fact that he was the commissioner to take a deposition for the bank, would not *per se*, and under all circumstances, warrant its exclusion as evidence.    Our statute does not prescribe the qualifications of the persons to whom a commission shall issue, but merely that it shall be directed to one or more persons to take and receive the deposition, which being taken and returned as directed, "shall be received as legal testimony."    Clay's Dig. 164.    In this condition of the law, the deposition cannot be rejected, unless the commissioner had a direct interest in the result of the cause, or unless public policy requires he should be adjudged disqualified.    There is nothing to indicate that he had the least interest in the matter, and no consideration of policy can require the adoption of an arbitrary rule requiring the exclusion of the evidence. The deposition is in his own hand-writing, and the commissioner merely certifies it according to the directions of the law.    If it be allowable for the attorney of the party to write out the deposition of the witness, as decided in Wynn and wife v. Williams, and McGinley v. McLaughlin, *supra*, we think he must be competent to certify the deposition; especially when he has no interest, but merely acts, if at all, as a counsellor in this cause.

It was clearly competent for the plaintiff to show when the debt upon which the judgment was recovered, originated.    This it might be necessary to prove, in order to defeat the transfer of the slave under which the claimant set up his right, and no evidence upon this point could be more satisfactory than proof of the discount of the first note, in 1837,

and the repeated renewal of the evidence of indebtedness down to 1843, when the last note was given, on which the plaintiff sued. The connection between the notes being shown, the identity of the debt is abundantly established.

If the admissions of the defendant in execution had been made previous to 1837, when he became indebted to the plaintiff, then they would have been admissible to show his indebtedness to the claimant; but the bill of exceptions merely recites that they were made previous to the transfer of the slave in 1842. Under these circumstances, and the possession of the slave not continuing with the defendant his declarations were properly excluded from the jury. Goodgame v. Cole & Co. 12 Ala. R. 77.

In Drinkwater v. Holliday, 11 Ala. Rep. 134, it was decided that a surety to an attachment bond, who is a necessary witness for the party, may be made competent by the execution of a new bond with other sufficient surety, and it is the duty of the court to permit such substitution to be made. It was however added, that it might be doubtful whether the exercise of the power of substitution was not discretionary with the court trying the cause, but the decision of this question was waived, as the judgment was erroneous upon another ground. Perhaps the decisions are not uniform on this point, but we incline to think their weight is decidedly favorable to considering it a matter of right, which cannot be denied by the court. See Irwin v. Cargill, 8 Johns. R. 407; Tompkins v. Curtis, 3 Cow. Rep. 251; McCulloch v. Tyson, 2 Hawks's R. 336; Leggett v. Boyd, 3 Wend. 376; Stimmel v. Underwood, 3 G. & Johns. Rep. 282; Butler v. v. De Hart, 1 Mart. Rep. N. S. 184; Bailey v. Hale, 3 Carr. & P. Rep. 560; 1 Mood. & M. Rep. 289; Whatley v. Fearnley, 2 Chit. Rep. 103; Pearley v. Fleming, 5 Carr. & P. Rep. 503; Salmon v. Rance, 3 Serg. & R. Rep. 311; Roberts v. Adams, 9 Greenl. Rep. 9; Hall v. Baylies, 15 Pick. Rep. 51; Beckley v. Freeman, 15 Pick. Rep. 468; Allen v. Hawks, 13 Pick. Rep. 79; Bailey v. Bailey, 1 Bing. Rep. 92; Lavender v. Pritchard, 2 Hayw. R. 337; Garmon v. Barringer, 2 Dev. & Bat. Rep. 502. That such should be the rule we do not doubt. The party, at the time his surety became such, might not know that he was a material wit-

ness in the cause ; or perhaps he may have had others who could depose to the same facts, whose testimony, either from death or other cause, he could not command at the trial ; or it may be, at the time the witness united with him in a bond, that he could not give other surety. In either of these cases, and others that might be supposed, it would operate hardly upon the obligor if he could not discharge the interest of his surety by substituting a new bond. The bond first executed by himself and surety was not dictated by the obligee, nor could the surety have been the selection of the latter. The parties did not stipulate by a mutual arrangement, in which they were both personally actors ; but in repect to bonds taken by a public officer in some judicial proceeding, the law generally prescribes the form of the bond, and the officer must see that the surety is sufficient ; and if this object is effected, the obligee has no just ground of complaint. This being the case, we cannot perceive a reason why one surety should not be discharged by putting another in his place where justice requires the examination of the latter as a witness.

In withdrawing from the jury the evidence to show, that the defendant in execution was the surety of Joel Chandler, that the judgment was first obtained against the latter, who had ample property to satisfy it ; that this property could have been levied on by the sheriff of Benton, who had executions in his hands, one of which he failed to return, and both to levy, &c., the claimant was not prejudiced. Conceding the truth of all this, and still it furnishes no reason why the slave in question should be held to be the property of the claimant, or not liable to satisfy the execution. Such evidence does not impair the effect of the judgment, and show that it should be enforced against the defendant, or such estate as he may have subject to its payment ; and if it did, it is not for the claimant to object to the irregularity of proceedings against the defendant, unless, perhaps, the irregularity makes the judgment a nullity. But evidence which merely shows that the judgment is voidable, at the election

of the defendant, or that the plaintiff has an additional reme-dy for the collection of his debt cannot avail the claimant.

For the refusal to permit the surety of the claimant to be examined as a witness for him, upon the substitution of another bond, the judgment is reversed, and the cause re-manded.

CHILTON, J., not sitting.