LEMUEL D. YOUNG, ADMINISTRATOR, v. SAMUEL GILMAN.

In a suit where the interests of the husband are directly involved, and would be concluded by the judgment, the wife is not a competent witness, for or against the husband, although he be not a party.

THIS action was commenced by Augustus Burpee as administrator of Joshua F. Burpee, deceased. Augustus Burpee resigned his trust as administrator, and Young was appointed as administrator of the estate of said Joshua F. in March, 1866, and, at the commencement of the present term, notice was given upon the docket of the resignation of said Burpee, and said Young appeared as administrator as the plaintiff of record. Upon trial, Augustus Burpee testified that the only object of the change of administrators was to enable him and his wife to testify in the cause and to exclude the defendant.

It did not appear that there were any claims against said estate, and it appeared that said Augustus Burpee and a sister of his who also testified without objection, were uncle and aunt to the deceased and heirs to his estate. It also appeared that said Burpee had furnished the means for carrying on this suit both before and after the appointment of Young, the estate having no assets except the claim in suit against this defendant. Said Burpee sat within the bar with the plaintiff's counsel a portion of the time during the trial.

After these facts had appeared the plaintiff offered the wife of said Augustus Burpee as a witness to whom defendant objected, but the court admitted her to testify and defendant excepted.

*Stevens, Vaughan & Barnard,* for plaintiff.

Counsel for defendant, in the brief filed, rests his objections to the competency of Mrs. Burpee, who was admitted as a witness, on the assumption that her husband, who also testified, was the real party to the suit. The authorities cited by him have no bearing upon the case in any other view of it. They merely decide that the wife of a party of record cannot be admitted to testify, either for or against the husband.

Here Burpee was not the party of record. Although an heir, he might or might not as such, derive any benefit from the estate. That question could only be determined upon the final settlement of the estate. As the law now stands, no reason is perceived why the defendant might not have called both Burpee and his wife, or either of them, as witnesses. If this be so, then the rule of law which excluded the wife from testifying in cases where the husband was a party, has no application, neither do any of the reasons given for the rule apply in this case.

The policy of the law, as stated in the case cited for defendant, *Breed* v. *Gove*, 41 N. H. 452, excluding the wife from testifying, is confined to cases where the husband is a party. Here Burpee was not a party. It is futile to reason upon what his interests *may* be. The law searches for no such uncertainties.

It is difficult to perceive how the statute of 1857, relating to the competency of witnesses, can be held to admit one of these persons and exclude the other. The language of the act is quite broad and peremptory. "No person shall be excused or excluded as a witness in any civil suit or proceeding at law or in equity, by reason of interest in the event of the same as a party or otherwise," &c. Neither interest in the event of the suit, or anything else, except as afterward provided in the act, is to exclude any person. Consequently, if Mrs. Burpee is a person, and does not in this case come within the exceptions subsequently specified, it is apprehended she was properly allowed to testify.

*E. A. Hibbard,* for defendant.

Mr. Burpee is really the party in this case. His wife was therefore incompetent on grounds of public policy, notwithstanding our statute of 1857. *Kelley* v. *Proctor*, 41 N. H. 139 ; *Breed* v. *Gove*, Ib. 462. Though Burpee did not remain technically the plaintiff, yet the suit continued to be prosecuted by him and at his expense, and wholly or in part for his benefit; and, so far as any question of public policy is concerned, the rule was as clearly violated as if he had not attempted to evade the law by changing the administration.

But, suppose Burpee not to be the party, yet he has an interest directly involved in the suit, and both he and his wife were incompetent at common law. 1 Greenl. Ev. sec. 341. His interest as an heir to the estate would exclude him. *Sawyer* v. *Tappan*, 14 N. H. 359. This would, of course, exclude her also. How, then, is she now admissible? The statute of 1857 surely does not make her competent where her husband is interested, any more than where he is a party. Indeed, the only reason for excluding the wife of a party, is because her husband by being a party has an interest involved in the suit. *Jackson* v. *Barron*, 37 N. H. 495. Upon that authority, if we assume that by our law the plaintiff, Young, would not be liable to the defendant for costs, and that he has no interest in the estate, and has incurred no expense in carrying on the suit, then he would have no interest in the result, and his wife might be a competent witness. The cases cited

from 41 N. H., are therefore direct authorities, and decisive in favor of the defendant.

The case states that the sister of Mr. Burpee testified for the plaintiff without objection, but an objection could have been of no avail as the court had no power to exclude her.

BELLOWS, J. The suit was in favor of an administrator of an estate in which the husband of the witness was interested as heir, it appearing also that there were no creditors. In case of a recovery, then, the husband would be entitled to a portion of the fruits of the judgment; he was, therefore, directly interested, for by that judgment he would be concluded.

Waiving, then, the question whether he should be regarded as a party, one inquiry is whether the wife is a competent witness for or against the husband, where his interest is directly involved in the suit, and would be concluded by the judgment, but where he is not a party.

It must now be considered as well settled in New Hampshire, that the exclusion of the husband and wife as witnesses for or against each other, is founded as well upon reasons of public policy to preserve the sacredness of the marriage relation, as upon the identity of interests; and therefore that the removal by statute of the disqualification arising from interest, does not render competent the husband and wife. *Kelley* v. *Proctor*, 41 N. H. 139; *Breed* v. *Gove*, 41 N. H. 452; *Smith* v. *Boston & Maine Railroad*, 44 N. H. 325.

In all these cases, the husband was party to the suit. In *Breed* v. *Gove*, the wife living apart from the husband, was offered as a witness against him, to prove the delivery of necessaries to her while so living apart. In the others, she was offered as a witness in his favor. In *Smith* v. *The Boston & Maine Railroad*, the suit was by the husband and wife for the loss of goods of the wife's before the marriage, and she was called to prove the loss. In all the cases she was held to be incompetent.

It is clear, therefore, that where the husband or wife is party to the suit, the other is not a competent witness, on grounds of public policy. Is the principle any the less applicable where the husband is not strictly a party to the suit, although his interest will be determined by it?

Mr. Greenleaf, in his work on Evidence, sec. 335, lays it down that the principle of the rule requires its application to all cases in which the *interests* of the other party are *involved*, and would be concluded by any verdict therein, though the husband or wife be not a party.

The same doctrine is laid down by Mr. Starkie in his work on Evidence, part 4, p. 708, and cases cited, although it is said that the interest must be vested and certain; but it is held that if the husband would be disqualified by reason of interest, the wife would be also; citing *Tiley* v. *Cowling*, 1 Ld. Raym. 744, which is in point.

So is 1 Phillips Evi. 64; and the same principle is recognized in *Leggett & al.* v. *Boyd*, 3 Wend. 376, where it was decided that the wife of the special bail was an incompetent witness for the defendant in the original suit.

These principles so laid down in the elementary books are well sustained by the authorities ; and it is equally clear that they are not based upon the identity of interest alone, but upon reasons of public policy as well.   In addition to the cases cited from our own reports to this point, are the authorities which show that the competency of the wife is not restored by the termination of her interest; as, for instance, the termination of the marriage relation by death of the husband, or by divorce, leaving the wife no interest in the estate.  1 Greenl. Evi. sec. 337, where it is said that the great object of the rule is to secure domestic happiness by placing the protecting seal of the law upon all confidential communications between husband and wife.

In *Stein* v. *Bowman*, 13 Peters U. S. Rep. 209, it was held that a wife, after her husband's death, could not be allowed to prove that her husband had confessed to her that he had committed perjury in a deposition read in the cause, although the husband was not a party or interested in the cause.   A similar doctrine was applied where the wife had been divorced by act of Parliament.    *Monroe* v. *Twisleton*, Peake's Evi. App.  87 ; recognized in *Aveson* v. *Ld. Kinniard*, 6 East. 192 193.    So, in *Doker* v. *Hasler*, Ryan & Moody 198, it was held that a widow cannot be asked to disclose conversations between her and her husband, because of the violation of conjugal confidence.    So is Starkie's Evi. part 4, p. 711, and cases cited.   In *O'Connor* v. *Marjoribanks*, 4 M. & G. 435, it was held, that, in trover by the personal representatives of the deceased, his widow is not admissible to prove that she pledged the goods sued for to the defendant with her  husband's authority ; and this is put upon the ground of public policy, and  it fully recognizes the doctrine  of *Monroe* v. *Twisleton*, and the  court hold that the disqualification is general, and not limited to confidential communications.    See, also, 2 Kent's Com.  *179, and  notes and cases cited. So it is held, that, in a suit by the trustees touching her separate property, the husband could not be a witness for the trustees, although he had no interest in the subject.    *Burrell* v. *Bell*, 3 Sandf. Ch. Rep. 15 ; *Hasbrouck* v. *Vandervoost*, 4 Sandf. 596, and 5 Seld. 153.

In New Hampshire, it has been held, that, after the husband's death, if the wife have no interest in the suit, and the facts to which she is called to testify, did not come to her through any confidential communications of the husband, she may be a witness.    *Jackson & al.* v. *Barron*, 37 N. H.  494.    So in *Pike* v. *Hayes*, 14 N. H. 22, it is suggested by *Gilchrist, J.*, that there is no reason why  the wife, after the death of the husband, should  not state facts  which came to her knowledge from other sources, and not by reason of her situation as wife.'

From these cases, it is fairly to be implied, even after the  marriage relation is terminated, that the wife cannot disclose information which as a wife she had obtained during the marriage.

This review of the authorities shows that at common law the disability of the husband and wife to testify against each other still remains, although the disqualification arising from interest be removed, as by a divorce, or by death ; and it, therefore, would seem to follow logically

that the removal of this disqualification by statute, as has been done here, would not make them competent witnesses.

Upon these views, we think the wife was not a competent witness, and there must be

*A new trial.*