## YOUNG *v.* PATTON.

### OFFICIAL UNDERTAKING—CITY MARSHAL.

Under the charter of the city of Oakland, the marshal is not required to file an official undertaking to qualify him to perform any duties under the city ordinances.

### ADJOURNMENT OF TRIAL.

Where the circuit court adjourned a trial, to enable a party to procure certified copies of certain papers from the records of the city of Oakland, which were essential and material to a meritorous defense: *Held*, that the court did not abuse its power.

APPEAL from Douglas. The facts are stated in the opinion.

*W. R. Willis*, for appellant.

The court cannot postpone a trial on the ground of absence of evidence, except on motion and affidavit, showing its materiality and the diligence used to procure it. (Civil Code, sec. 177; 17 Cal., 123, 128.)

When the jury has been completed and sworn, the trial shall proceed in the order prescribed by the statute, unless the court, for special reasons, otherwise direct. (Civil Code, sec. 174.)

The respondent could not legally qualify as marshal of the city of Oakland, without filing an official undertaking; for the statute making him marshal also makes him a constable. (Session laws of 1878, page 123, section 3; Code, page 697, sections 37 and 38.)

*R. S. Straham and Hermann & Ball*, for respondent.

There was no error in allowing the jury to separate during the trial. (Civil Code, section 196.)

The charter of the city of Oakland does not require the marshal to give a bond. (Session Laws of 1878, page 128, section 12.) There is no pretense that a bond had been required by ordinance. In such case his certificate and oath of office were all that was necessary to qualify him to act. The certificate of election is conclusive, in every proceeding,

except a direct one to try the title to the office. (Dillon on Municipal Corporations, sec. 716; *Warner* v. *Myers*, 4 Or., 76; Cooley on Con. Law, 624.)

By the Court, LORD, C. J.:

This is an action of replevin, brought in the county court of Douglas county, to recover the possession of a span of horses, or the value thereof (two hundred dollars) in case delivery could not be had. The complaint is in the usual form.

The answer denies the wrongful taking and detention, and then alleges that on the 14th day of December, 1878, the defendant, Patton, was duly and legally marshal of the city of Oakland, in Douglas county, which city was duly incorporated, October 17, 1878. That under and by virtue of an ordinance of said city of Oakland, adopted by the board of trustees of said city on the 28th day of November, 1878, it was unlawful that any horses or mules should be permitted to be at large on the streets of said city.

That it was the duty of respondent, by virtue of his office of marshal of said city, to take possession of all horses or mules as above mentioned, and retain the same until reclaimed by the owner thereof.

That on the 14th day of December, 1878, said horses were at large on the streets of the city of Oakland, contrary to the provisions of said ordinance. That respondent, in the performance of his duties as marshal aforesaid, took said horses into his possession and detained the same, which is the same taking and detention mentioned in the complaint.

The reply denies each material allegation contained in the answer.

A jury was called and sworn, the plaintiff stated his cause of action and the issues to be tried, and the defendant stated his defence.

The plaintiff then introduced the evidence on his part, and rested his case.

Defendant then, to maintain the issues on his part, called as a witness George Settler, and asked him: "Did you bring the records of the city of Oakland with you?" He answered that he did not.

The court then, without any written motion, and without any affidavit, ordered the trial of this cause to be postponed to enable the defendant to procure certified copies of papers relating to the city of Oakland, and the jury were allowed by the court to separate, under the instruction that they should not converse with any one about said cause, nor with each other, and that they should not, before the cause was finally submitted to them, express any opinion about the same, and go at large until the 14th day of May, 1880.

To all of which plaintiff then and there excepted.

The jury were called and the trial proceeded with, May 14th, 1880, and the court charged the jury that the defendant, Arthur Patton, could legally qualify as marshal of the city of Oakland, Douglas county, Oregon, without filing any official undertaking.

To which the plaintiff then and there excepted.

In the county court judgment was given against Arthur Patton for the horses and costs, and Patton appealed to the circuit court, where judgment was rendered against the plaintiff for one hundred and sixty-six dollars and seventy cents, costs and disbursements, from which judgment appellant appeals to this court.

Two questions are presented by the bill of exceptions, and assigned as error in the notice of appeal. First, did the court err in adjourning the trial for the purpose of allowing the respondent to procure certified copies of papers from the records of the city of Oakland? And, second, was it necessary to qualify respondent to act as marshal that he should first execute a bond?

To the first proposition it is claimed, that the court has no power to delay or postpone a trial without a motion upon affidavit, as prescribed by section 177 of the code. Ordin-

arily this section is invoked before trial to secure a postpone-
ment to some later day in the term, or to the ensuing term
in the circuit, according to the circumstances of the case.
And to induce the court to grant the application, the affidavit
must make a sufficient showing of the requirements under
that section.   But after the trial commences, and during its
progress, courts of original jurisdiction, from necessity, are
clothed with discretionary authority, which it is difficult to
define and limit by any general rule.

Our code has provided that a " court or judicial officer has
power to adjourn any proceeding before it, from time to time,
as may be necessary, unless otherwise expressly provided by
this code."   (Civil Code, sec. 910.)

From the nature of the case, the court trying a cause, wit-
nessing all the proceedings, and being from personal observa-
tion familiar with all the attendant circumstances, has the
best opportunity of forming a correct opinion upon any mat-
ter presented, which involves the exercise of this power.   It
is true, all their decisions are subject to review for error, but
in all such cases the ruling of the court will be presumed to
have been in accordance with the merits and justice of the
case, unless the party complaining shows, unequivocally, that
the court has been guilty of an abuse of its discretionary
powers, and that his rights have been injuriously affected by
such abuse.

In the case under consideration, during the progress of the
trial, the court adjourned any further proceedings in the case
for two days, after admonishing the jury as required by sec-
tion 196 of the civil code, to enable the respondent to procure
certified copies of papers from the records of the city of Oak-
land.   The materiality of this evidence was apparent to the
court, and to require the trial to proceed without it was, in
effect, to deprive the respondent of his defense.

In the *State* v. *Lyons*, Coxe, 403, 412, an adjournment was
allowed after a case had been partly tried, in order to enable
the defendant to obtain a copy, or use a particular document.

In *Liggett* v. *Boyd*, 3 Wend., 379, Marcy, Justice, says: " After a trial of a cause has been commenced, it is entirely in the discretion of the court to delay until a party can procure the attendance of a witness, who is casually and unexpectedly absent at the moment he is called, and it is scarcely possible to conceive a case where this court would interfere with the decision of a circuit judge on such application. In this case, however, the court refused to delay the trial, but, as the facts show, because the defense was not meritorious, and entitled to the favorable discretion of the court."

It is the exercise of a power, the propriety of which must depend, to a great extent, on the peculiar circumstances of each case. It ought, undoubtedly, in cases of this character, to be sparingly indulged, and always with due regard to the legal rights of the parties, and only when the justice and merits of the case require it. But under the section above cited, the court has power to adjourn any proceeding before it from time to time as may be necessary, and this court would not undertake to interfere with or review the discretion with which the circuit court is invested, in the exercise of that power, unless it contravenes some express provision of the law, or was manifestly an abuse of the power confided to the court by the law. Under the peculiar circumstances of this case, where the respondent had a meritorious defence, which would have utterly failed without the intervention of the court, we are not prepared to say that the court abused its discretion in the exercise of this power.

The second objection is, that the respondent could not legally qualify as marshal of the city of Oakland without filing an official undertaking. Section 3 of the charter of said city provides, that the marshal shall be the executive officer of the town, a constable, etc., and section 12 provides, among other things, that the inspectors shall give certificates of election to the successful candidates, and deliver the poll books to the recorder elected, and that the officers thus elected shall qualify before some officer legally authorized to administer

oaths, and shall, within five days thereafter, enter upon their respective duties. The certificate of election, and taking the oath as above specified, are the only requirements of the charter to qualify the officer to enter upon the discharge of his duty as a town officer or marshal. No official undertaking is required, nor is it necessary, to qualify the officer to perform any duty under the ordinances and charter of the city.

The proceedings in this case show that the respondent was acting as a town officer, or marshal, in enforcing an ordinance of the city, and to perform such duty, as such officer, no official undertaking is required. The judgment of the court below is affirmed.

Judgment affirmed.