```
75  543
114 672
```

# Ex parte Haralson & Co.; Ex parte Kelly & Howze.

## Mandamus.

1. *Contest of exemption; right of amendment; mandamus.*—A plaintiff in attachment having contested a claim of exemption made by the defendant to personal property levied on, and the defendant not executing a bond under sections 2836 and 2942 of the Code, on the plaintiff executing bond, approved by the sheriff, the property was delivered to him, and by him placed in the hands of his attorneys, who still hold it, or its proceeds. The bond having been quashed on motion of defendant, based on the ground that it was defective, the plaintiff moved for leave to file a new and sufficient bond. The court overruled this motion, and ordered that the defendant be allowed five days in which to give bond and take possession of the property, and, on his failure to do so, that the plaintiff be allowed five days within which to give bond; and that the plaintiff's attorneys pay and turn over to the clerk of the court the money and property in their hands, to abide the further orders of the court, to be made in the premises. *Held,*

(*a*) That the defendant, in his motion to quash plaintiff's bond, having failed to assign as a ground therefor, that he had not been allowed, in the first instance, the five days allowed by statute in which to give bond and take possession of the property, the presumption is, under the facts in this case, that the time was allowed him, and that he failed to give the bond.

(*b*) That the court should have allowed the plaintiff to give a new and sufficient bond; and that it erred in allowing defendant five days in which to give bond, and in ordering the plaintiff's attorneys to pay and turn over to the clerk the money and property in their hands.

(*c*) *Mandamus* ordered by this court, commanding the primary court to vacate and set aside the order made by it, and to make an order allowing the plaintiff to file an amended bond under sections 2836 and and 2943 of the Code of 1876.

APPLICATIONS to this court for writ of *mandamus* to Hon. JOHN MOORE, Judge of the First Judicial Circuit, presiding at Perry Circuit Court.

The facts are sufficiently stated in the opinion.

WM. M. BROOKS and KELLY & HOWZE, for petitioners.

JOHN F. VARY, *contra.*

STONE, J.—These cases are so connected, and dependent one upon the other, that we will consider them together.

These cases arose out of a contested claim of exemption, which had been interposed under section 2834, Code of 1876.

Haralson & Co. and other creditors had sued out attachments against one Farrell, which were levied on a stock of merchandise. Farrell thereupon interposed his claim in writing under oath, that one thousand dollars in value of the merchandise was exempt to him, he being a resident of the State. This claim was lodged with the sheriff, who notified plaintiffs in the several attachments. Plaintiffs thereupon filed their affidavit, through their attorney, stating that " in the belief of affiant said claim of exemption is [was] invalid entirely." Defendant in the attachments executed no bonds, as authorized by sections 2836 and 2942 of the Code; but the several plaintiffs in attachment executed bonds, which were approved by the sheriff, who thereupon turned over the goods, so claimed and contested, to the attaching plaintiffs. The goods were then placed by plaintiffs in the hands of their attorneys, who, at the time these proceedings were had in the circuit court, still held them, partly in money and partly in merchandise.

Motion was made in the court below to quash the bonds plaintiffs had given under sections 2836, 2943 of the Code. The bonds were defective in more respects than one, and the circuit court rightly quashed them. Plaintiffs in the attachments thereupon moved the court for leave to file new and sufficient bonds. This motion the court overruled, and ordered that the claimant of the exemptions be allowed five days within which to give bond, and take possession of the property in controversy; and failing, that then plaintiffs in attachment be allowed five days within which to give bonds. The court further ordered that the attorneys of plaintiffs pay and turn over the property and money deposited with them to the clerk of the court, to abide further orders to be made in the premises.

It is argued here, against the relief prayed, that the sheriff did not allow to the claimant of exemptions five days within which to give bond, after he was notified his claim had been contested; and that the plaintiffs' informal bonds were given and approved, in less than five days after such notice.—Code, 1876, § 2836. In this way it is urged that the claimant of exemptions has never had the five days in which to make bonds, allowed him by the statute. It is a sufficient answer to this, that the motion to quash was in writing, stating several grounds, and this is not one of them. Had this ground existed in fact, it is but reasonable to infer it would have been assigned. The attention of the court was not called to it, and we can not presume it could not have been met if raised. The affidavit of contest was filed with the clerk November 26, and the bond of plaintiff was approved December 5th. This is nine days. It was the duty of the sheriff to give notice within three days after contest filed. If he did this, there were then at least six days be-

fore plaintiff's bond was accepted and approved. It is urged, however, that the sheriff's return proves when he gave the notice, and that it was not until December 3rd. We think it doubtful whether this date was intended to note when he served the notice, or when he returned the papers to the clerk. The silence of the motion on this subject tends to confirm the latter view. The objection is not well taken.

Our whole judicial system has been framed with a view to meting out substantial justice, to the discouragement of mere technical objections, which only tend to thwart its wholesome aims. To this end, we have, from an early day, encouraged and built up a generous system of amendments, so liberally applied that, with few exceptions, errors even in orignal process can be amended, and in mesne, or intermediary proceedings, we know no boundary to the right to correct errors and remedy mistakes, when the ends of justice, or an early trial on the merits will be promoted thereby.—*Drinkwater v. Holliday*, 11 Ala. 134; *Taylor v. Br. Bank at Huntsville*, 14 Ala. 633; *Ex parte Morgan*, 30 Ala. 51; *Webb v. Kelly*, 37 Ala. 333. The circuit court should have allowed the contesting plaintiffs to give new and sufficient bonds.

There was appearance and answer for the presiding judge in the court below, and a common desire expressed that final orders be now made in these causes.

On the petition of Haralson & Co. *et al*, it is ordered and adjudged that the writ of mandamus issue to the judge presiding in Perry circuit court, commanding and requiring him to vacate and set aside the order made, granting to Farrell, claimant of exemption, leave to execute a bond under §§ 2836, 2942 of the Code, and to make an order allowing Haralson & Co. to file an amended bond under §§ 2836, 2943 of the Code, in the penalty and condition prescribed by law. This order applies to each of the petitioning attachment creditors.

On the petition of Kelly & Howze, it is ordered and adjudged that a like writ issue to said presiding judge, commanding and requiring him to set aside and vacate the order heretofore made, directing them to pay and turn over to the clerk of the court the money and merchandise claimed as exempt, a contest of which claim is now pending.